UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO.: 9:17-cv-80393-ROSENBERG/HOPKINS

―――――――――――――――――――――――― x
                        :

CHARLES T. JOHNSON, on behalf of himself :
and others similarly situated,           :

                     :

             Plaintiff,      :

                     :

    vs.                 :

                     :

NPAS SOLUTIONS, LLC,       :

                     :

            Defendant.   :

                     :
―――――――――――――――――――――――― x

**DECLARATION OF MICHAEL L. GREENWALD
IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT**

I, Michael L. Greenwald, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      My name is Michael L. Greenwald.

2.      I am over twenty-one years of age, and I am fully competent to make the statements contained in this declaration.

3.      I am a partner at the law firm of Greenwald Davidson Radbil PLLC ("GDR"), counsel for Charles T. Johnson and the proposed class in this action.

4.      GDR, which focuses on consumer protection class action litigation, maintains offices in Boca Raton, Florida and Austin, Texas.

5.      I am admitted to practice before this Court.

6.      I submit this declaration in support of Mr. Johnson's unopposed motion for preliminary approval of class action settlement.

1

**Class Counsel**

7.      I graduated from the University of Virginia in 2001 and Duke University School of Law in 2004. I have extensive experience litigating consumer protection and securities class actions, including class actions brought under the Telephone Consumer Protection Act ("TCPA").

8.      GDR has been appointed class counsel in a number of class actions brought under the TCPA, including:

- *Luster v. Wells Fargo Dealer Servs., Inc.*, No. 1:15-cv-01058-TWT (N.D. Ga.);

- *Johnson v. Navient Solutions, Inc., f/k/a Sallie Mae, Inc.*, No. 1:15-cv-0716-LJM (S.D. Ind.);

- *Toure and Heard v. Navient Solutions, Inc., f/k/a Sallie Mae, Inc.*, No. 1:17-cv-00071-LJM-TAB (S.D. Ind.);

- *Cross v. Wells Fargo Bank, N.A.*, No. 2:15-cv-01270-RWS (N.D. Ga.);

- *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-cv-2424-T-23JSS (M.D. Fla.);

- *Schwyhart v. AmSher Collection Servs., Inc.*, No. 2:15-cv-1175-JEO (N.D. Ala.);

- *Prather v. Wells Fargo Bank, N.A.*, No. 1:15-cv-04231-SCJ (N.D. Ga.);

- *Markos v. Wells Fargo Bank, N.A.*, No. 15-1156 (N.D. Ga.);

- *Prater v. Medicredit, Inc.*, No. 14-00159 (E.D. Mo.);

- *Jones v. I.Q. Data Int'l, Inc.*, No. 1:14–cv–00130–PJK–GBW (D.N.M.); and

- *Ritchie v. Van Ru Credit Corp.*, No. 2:12–CV–01714–PHX–SM (D. Ariz.).

9.      GDR also has been appointed class counsel in more than two dozen class actions brought under consumer protection statutes other than the TCPA in the past three years, including, for example:

- *Johnston v. Kass Shuler, P.A.*, No. 8:16-cv-03390-SDM-AEP, 2017 WL 1231070 (M.D. Fla. Mar. 29, 2017);

- *Jallo v. Resurgent Capital Servs., L.P.*, No. 4:14-cv-00449, 2017 WL 914291 (E.D. Tex.

2

Mar. 7, 2017);

- *Macy v. GC Servs. Ltd. P'ship*, No. 3:15-cv-00819-DJH-CHL, 2017 WL 489420 (W.D. Ky. Feb. 6, 2017);

- *Rhodes v. Nat'l Collection Sys., Inc.*, 317 F.R.D. 579 (D. Colo. 2016);

- *McCurdy v. Prof'l Credit Servs.*, No. 6:15-cv-01498-AA, 2016 WL 5853721 (D. Or. Oct. 3, 2016);

- *Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673 (N.D. Cal. 2016);

- *Globus v. Pioneer Credit Recovery, Inc.*, No. 15-CV-152V, 2016 WL 4069285 (W.D.N.Y. July 27, 2016);

- *McWilliams v. Advanced Recovery Sys., Inc.*, 310 F.R.D. 337 (S.D. Miss. 2015);

- *Rhodes v. Olson Assocs., P.C., d/b/a Olson Shaner*, 83 F. Supp. 3d 1096 (D. Colo. 2015);

- *Roundtree v. Bush Ross, P.A.*, 304 F.R.D 644 (M.D. Fla. 2015);

- *Donnelly v. EquityExperts.org, LLC*, No. 13-10017, 2015 WL 249522 (E.D. Mich. Jan. 14, 2015); and

- *Sharf v. Fin. Asset Resolution, LLC*, 295 F.R.D. 664 (S.D. Fla. 2014).

10.     Multiple district courts have commented on GDR's useful knowledge and experience in connection with class action litigation.

11.     For instance, in *Schwyhart v. AmSher Collection Services, Inc.*, Judge John E. Ott, Chief Magistrate Judge of the Northern District of Alabama, stated upon granting final approval to a TCPA settlement for which he appointed GDR as class counsel:

> I cannot reiterate enough how impressed I am with both your handling of the case, both in the Court's presence as well as on the phone conferences, as well as in the written materials submitted. . . . I am very satisfied and I am very pleased with what I have seen in this case. As a judge, I don't get to say that every time, so that is quite a compliment to you all, and thank you for that.

No. 2:15-cv-1175-JEO (N.D. Ala. Mar. 15, 2017).

12.     In *Ritchie v. Van Ru Credit Corp.*, also a TCPA class action, Judge Stephen M McNamee, Senior U.S. District Court Judge for the District of Arizona, stated upon granting final approval of the settlement:

> I want to thank all of you. It's been a pleasure. I hope that you will come back and see us at some time in the future. And if you don't, I have a lot of cases I would like to assign you, because you've been immensely helpful both to your clients and to the Court. And that's important. So I want to thank you all very much.

No. CIV-12-1714 (D. Ariz. July 21, 2014).

13.     Earlier this year, Judge Carlton W. Reeves of the Southern District of Mississippi described GDR as follows:

> More important, frankly, is the skill with which plaintiff's counsel litigated this matter. On that point there is no disagreement. Defense counsel concedes that her opponent—a specialist in the field who has been class counsel in dozens of these matters across the country—'is to be commended for his work' for the class, 'was professional at all times' ..., and used his 'excellent negotiation skills' to achieve a settlement fund greater than that required by the law.
>
> The undersigned concurs ... Counsel's level of experience in handling cases brought under the FDCPA, other consumer protection statutes, and class actions generally cannot be overstated.

*McWilliams v. Advanced Recovery Sys., Inc.*, No. 3:15-CV-70-CWR-LRA, 2017 WL 2625118, at *3 (S.D. Miss. June 16, 2017).

14.     And in *Roundtree v. Bush Ross, P.A.*, Judge James D. Whittemore of the Middle District of Florida wrote in certifying three classes and appointing GDR class counsel: "Greenwald [Davidson Radbil PLLC] has been appointed as class counsel in a number of actions and thus provides great experience in representing plaintiffs in consumer class actions." 304 F.R.D. at 661.

15.     More information about GDR is available on the firm's website, www.gdrlawfirm.com.

4

16.     Prior to forming GDR, I spent six years as a litigator at Robbins Geller Rudman & Dowd LLP—the nation's largest plaintiff's class action firm. My practice at Robbins Geller focused on complex class actions, including securities and consumer protection litigation. I started my career as an attorney in the Fort Lauderdale office of Holland & Knight LLP.

17.     Partners Aaron D. Radbil and James L. Davidson, and associates Jesse S. Johnson and Alexander D. Kruzyk, also provided substantial assistance to this case.

18.     Mr. Radbil graduated from the University of Arizona in 2002 and the University of Miami School of Law in 2006.

19.     Mr. Radbil has extensive experience litigating consumer protection class actions, including class actions under the TCPA. *See* http://www.gdrlawfirm.com/Aaron-Radbil (last visited Nov. 26, 2017).

20.     Mr. Davidson graduated from the University of Florida in 2000 and the University of Florida Fredric G. Levin College of Law in 2003. Mr. Davidson has been appointed class counsel in a host of consumer protection class actions. *See* http://www.gdrlawfirm.com/James-Davidson (last visited Nov. 26, 2017).

21.     Mr. Johnson earned his Bachelor of Science degree in Business Administration from the University of Florida, where he graduated magna cum laude in 2005. Mr. Johnson earned his Juris Doctor degree with honors from the University of Florida Fredric G. Levin College of Law in 2009, along with his Master of Arts in Business Administration from the University of Florida Hough Graduate School of Business the same year.

22.     Mr. Johnson has been appointed class counsel in more than a dozen consumer protection class actions in the past two years. *See* http://www.gdrlawfirm.com/Jesse-Johnson (last visited Nov. 26, 2017).

23.     Mr. Kruzyk earned his Bachelor of Management and Organizational Studies from the University of Western Ontario in 2011, and earned his Juris Doctor degree with honors from the University of Florida Fredric G. Levin College of Law in 2014.

24.     Prior to joining GDR in 2017, Mr. Kruzyk was an associate with Robbins Geller, where he assisted with several complex class actions. *See* http://www.gdrlawfirm.com/Alexander-Kruzyk (last visited Nov. 26, 2017).

## The Settlement

25.     The settlement requires NPAS Solutions, LLC ("NPAS Solutions") to create a non-reversionary common fund of $1.432 million, from which all participating class members will receive an equal share after deducting the costs of notice and claims administration, attorneys' fees, costs, and expenses as awarded by the Court, and an incentive award to Mr. Johnson, not to exceed $6,000 and subject to Court approval. No settlement funds will revert back to NPAS Solutions.

26.     The parties reached this settlement after written discovery regarding NPAS Solutions' calling practices and procedures, and the identification of potential class members. In addition, Mr. Johnson responded to discovery requests and provided an expert report regarding the ability to identify class members based on NPAS Solutions' call records.

27.     The parties reached their agreement to settle this matter as a result of arm's-length negotiations that were significantly aided by a mediation in similar TCPA matters involving two debt collection companies with the same ultimate corporate parent as NPAS Solutions. That

6

mediation, which I attended and which was attended by counsel for NPAS Solutions, took place on September 15, 2017 before the Honorable Diane M. Welsh (Ret.)[1] in Philadelphia.[2]

28.     With the benefit of that mediation, and after exchanging a written demand and counteroffer, the parties reached an agreement to resolve this matter after multiple telephone conferences among experienced counsel.

29.     Given the meaningful recovery for the class that is well in line with other TCPA class action settlements, particularly in light of the risks associated with continued litigation, I firmly believe the settlement to be fair, reasonable, and adequate, and that it should be preliminarily approved by the Court.

30.     Attached is a true and correct copy of the settlement agreement and its exhibits:

    Exhibit 1: Claim Form
    Exhibit 2: [Proposed] Final Order and Judgment
    Exhibit 3: Postcard Notice
    Exhibit 4: [Proposed] Order of Preliminary Approval
    Exhibit 5: Website Notice

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 29, 2017.

                              By: *s/ Michael L. Greenwald*
                                  Michael L. Greenwald

---

[1]     "Over the past 23 years, as a JAMS neutral and a United States Magistrate Judge, [Judge Welsh] has successfully resolved over 5000 matters, covering virtually every type of complex dispute. Specifically, Judge Welsh has extraordinary skill in resolving high-stakes multi-party commercial disputes, employment matters, catastrophic personal injury cases, class actions, mass torts and multi-district litigations (MDL's). She was recognized as a 2016 "ADR Champion" by the National Law Journal." https://www.jamsadr.com/welsh/ (last visited Nov. 9, 2017).

[2]     The mediation concerned *Martinez v. Medicredit, Inc.* and *Hornberger v. Medicredit, Inc.*, pending in the Eastern District of Missouri, No. 4:16-CV-01138-ERW, and *Verma v. Memorial Healthcare Group, Inc.*, No. 3:16-CV-00427-HLA-JRK, pending in the Middle District of Florida.

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release (the "Agreement") is entered into by and between Plaintiff Charles T. Johnson ("Class Plaintiff"), on behalf of himself and the Settlement Class (as defined below), on the one hand, and Defendant NPAS Solutions, LLC ("Defendant"), on the other hand.  The Class Plaintiff and Defendant are sometimes collectively referred to herein as the "Parties."

Class Plaintiff and Defendant hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court (as defined below) of a Final Approval Order (as defined below), all claims of Class Plaintiff and the Settlement Class Members (as defined below) in the action entitled *Johnson v. NPAS Solutions, LLC*, pending in the United States District Court for the Southern District of Florida, Case No. 9:17-cv-80393-Rosenberg/Hopkins (the "Action"), will be forever and fully settled, compromised and released upon the terms and conditions contained herein.

1.      **RECITALS**

        **1.1**      NPAS Solutions, LLC is debt collection company based in Tennessee.

        **1.2**      On March 28, 2017, Class Plaintiff filed the Action in the United States District Court for the Southern District of Florida, alleging that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), by making autodialed calls to cellular telephones without the prior express consent of Class Plaintiff or the putative class members.

        **1.3**      On May 11, 2017, Class Plaintiff filed his amended complaint.

        **1.4**      The parties engaged in, *inter alia*, (1) motion practice regarding Defendant's motion to strike class allegations, and (2) significant written discovery. In addition, Class Plaintiff served Defendant with the written report of his expert witness.

        **1.5**       Defendant denies all claims asserted in the Action and denies all allegations of wrongdoing and liability.  Defendant desires to settle the Action on the terms set forth herein solely

for the purpose of avoiding the burden, expense, risk and uncertainty of continuing these proceedings.

1.6     The Parties recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the claims through class certification and trial, possible appeals and ancillary actions.  The Parties also have taken into account the uncertainty and risks involved in any litigation, especially in multi-party actions such as this proceeding, as well as the difficulties and delays inherent in such litigation.

1.7     This Agreement resulted from and is the product of extensive, good faith and arm's length settlement negotiations.  The Agreement was also informed by a mediation attended by counsel for the parties at JAMS before the Honorable Diane M. Welsh (Ret.) on September 15, 2017.

1.8     Subject to preliminary approval and final approval by the Court as required by Rule 23 of the Federal Rules of Civil Procedure, and subject to the remaining provisions herein, the Parties desire a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein, and to fully, finally and forever resolve, discharge and release the claims (as set forth herein) of Class Plaintiff and the Settlement Class Members, in exchange for Defendant's agreement to pay the total amount of $1,432,000.00, inclusive of Settlement Costs and Settlement Awards as explained and set forth below.

1.9     The Parties understand, acknowledge and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims.  This Agreement is inadmissible as evidence except to enforce the terms of the Agreement and is not an admission of wrongdoing or liability on the part of any Party to this Agreement.

**NOW THEREFORE**, it is hereby agreed by the Parties that, in consideration of the promises and covenants set forth in this Agreement and upon the entry by the Court of a final order approving the settlement and directing the implementation of the terms and conditions of the settlement as set forth in this Agreement, the Action shall be settled and compromised upon the terms and conditions contained herein.

2.     **DEFINITIONS**

The definitions contained herein apply only to this Agreement and the attached Exhibits, and do not apply to any other agreement, including, without limitation, any other settlement agreement.  Nor will they be used as evidence, except with respect to this Agreement, of the meaning of any term.  Furthermore, each defined term stated in a singular form includes the plural form, and each defined term stated in a plural form includes the singular form.  As used in this Agreement, the following terms have the meanings set forth below:

2.1     **"Action"** means *Johnson v. NPAS Solutions, LLC*, pending in the United States District Court for the Southern District of Florida, Case No. 9:17-cv-80393-Rosenberg/Hopkins.

2.2     **"Agreement"** means this Class Action Settlement Agreement and Release.

2.3     **"Approved Claims"** means claims that have been timely submitted by class members to the administrator and approved for payment.

2.4     **"CAFA Notice"** refers to the notice requirement imposed by 28 U.S.C. § 1715(b).

2.5     **"Claim Form"** or **"Claim"** means the claim form to be submitted by Settlement Class Members in order to receive a Settlement Award pursuant to Sections **10** and **11** of this Agreement, subject to approval by the Court, substantially in the form attached hereto as Exhibit 1.

2.6     **"Claim Period"** means the period of time in which a Settlement Class Member must submit a Claim Form to be eligible to receive a Settlement Award as part of the Settlement. As set forth in Section **8.1(H)**, the last day of the Claim Period will be sixty (60) days following the Notice Deadline.

2.7     **"Claims Administrator"** means KCC LLC ("KCC"), subject to approval by the Court.  The Claims Administrator will be responsible for providing the Class Notice as well as services related to administration of the Settlement.

2.8     **"Class Counsel"** means Greenwald Davidson Radbil PLLC.

2.9     **"Class Notice"** means any type of notice that may be utilized to notify persons in the Settlement Class of the Settlement, including:  Mail Notice, Website Notice and any different

or additional notice that might be ordered by the Court.  A description of the contemplated Class Notice is provided in Section **10.2** of this Agreement.

      **2.10**    **"Class Period"** means the period from March 28, 2013 through Preliminary Approval.

      **2.11**    **"Class Plaintiff"** means Charles T. Johnson.

      **2.12**    **"Court"** means the United States District Court for the Southern District of Florida.

      **2.13**    **"*Cy Pres* Distribution"** means monies that may be distributed in connection with the Settlement pursuant to Section **12.3** of this Agreement.  *Cy Pres* will only be distributed for uncashed or undeposited checks and only then if a second distribution to those eligible Settlement Class Members is not feasible pursuant to Section **12.3** of this Agreement.

      **2.14**    **"Defendant"** means NPAS Solutions, LLC and each of its direct or indirect subsidiaries and/or parent companies.

      **2.15**    **"Defendant's Counsel"** means Debevoise & Plimpton LLP and Lash & Goldberg LLP.

      **2.16**    **"Effective Date"** means the fifth day after the last of the following dates:

          **(A)**    All Parties, Defendant's Counsel and Class Counsel have executed this Agreement;

          **(B)**    The Court has entered, without material change, the Final Approval Order; and

          **(C)**    The final disposition of any related appeals, and in the case of no appeal or review being filed, expiration of the applicable appellate period.

      **2.17**    **"Escrow Account"** means a non-interest bearing checking account established at a financial institution other than Defendant's into which monies are to be deposited as set forth by this Agreement.

      **2.18**    **"Final Approval Hearing"** means the hearing during which the Court considers the Parties' requests to enter the Final Approval Order granting final approval of the Settlement

and to determine the amount of attorneys' fees, costs and expenses awarded to Class Counsel and the amount of the service award to Class Plaintiff.

2.19    **"Final Approval Order"** means the order and judgment that the Court enters upon finally approving the Settlement, the proposed form of which is attached hereto as <u>Exhibit 2</u>. "Final Approval" occurs on the date that the Court enters, without material change, the Final Approval Order.

2.20    **"Funding Date"** means the date, which is no later than fifteen (15) days after the Effective Date, on which Defendant must cause payment to be made into the Settlement Fund account pursuant to Section **9.1** of this Agreement.

2.21    **"Judge"** means any judge of the United States District Court for the Southern District of Florida, including the Honorable Robin L. Rosenberg.

2.22    **"Mail Notice"** means the postcard notice that will be provided pursuant to Section **10.2(A)** of this Agreement to the Settlement Class Members, subject to approval by the Court, substantially in the form attached hereto as <u>Exhibit 3</u>.

2.23    **"Maximum Payment"** means an all-inclusive payment of $1,432,000.00, which will be made by Defendant to resolve this litigation.  As set forth in this Agreement, the "Maximum Payment" will be used for Settlement Costs, including any and all administration expenses, any cost associated with class notice, including mailing costs and costs related to locating names and address of Settlement Class Members, taxes and tax-related expenses incurred by or in connection with the creation of the Settlement Fund, any attorneys' fees, expenses, and costs awarded to Class Counsel by the Court, any incentive award ordered by the Court to be paid to Class Plaintiff, and all amounts to be paid to Settlement Class Members under this Agreement.   Under no circumstances will Defendant or the Released Parties be required to pay any amount in excess of the $1,432,000.00 Maximum Payment in order to resolve the Action, except as set forth in Section 2.37 below.

2.24    **"Notice Deadline"** has the meaning set forth in **Section 8.1(D)** of this Agreement.

2.25    **"Opt-Out and Objection Deadline"** has the meaning set forth in Sections **8.1(F)**, and **13.1** of this Agreement.

2.26    **"Parties"** means Class Plaintiff and Defendant.

2.27    **"Preliminary Approval Order"** means the order that the Court enters upon preliminarily approving the Settlement, the proposed form of which is attached hereto as Exhibit 4. "Preliminary Approval" occurs on the date that the Court enters, without material change, the Preliminary Approval Order.

2.28    **"Released Claims"** means all claims to be released as set forth in Section **17** of this Agreement.   The "Releases" means all of the releases contained in Section **17** of this Agreement.

2.29    **"Released Parties"** means and refers to NPAS Solutions, LLC and each and all of its respective past, present, and future direct or indirect subsidiaries, parent companies, agents, predecessors in interest and/or ownership, successors in interest and/or ownership, partners, licensees, assignees, insurers, including claims under any and all insurance policies, and estates, and each of the foregoing's respective past, present, and future officers, directors, attorneys, shareholders, indemnitees, predecessors, successors, trusts, trustees, partners, associates, principals, divisions, employees, insurers, any and all insurance policies, members, agents, representatives, brokers, consultants, heirs, and assigns.   For avoidance of doubt, "Released Parties" also includes the client facilities on behalf of whom NPAS Solutions, LLC places calls, but only to the calls NPAS Solutions, LLC made on their behalf.

2.30    **"Releasing Parties"** means Class Plaintiff and Settlement Class Members, on behalf of themselves and their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, any other person or entity claiming through them and, if relevant, any co-signer, co-buyer or co-borrower or guarantors.

2.31    **"Settlement Class"** means the approximately 179,642 persons whose unique cellular telephone number has been identified in the call data produced in this litigation where the call records reflect "WN" codes.   A list of the cellular telephone numbers that comprise the

Settlement Class is a confidential attachment to this Agreement, but will not be made public and due to its confidential nature will not be filed with the Court.  The Parties will make the list of cellular telephone numbers comprising the Settlement Class available to the Court for *in camera* review, upon request. Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Court's staff and immediate family, and all persons who are validly excluded from the Settlement Class.

      **2.32**   **"Settlement Class Member"** means any person in the Settlement Class who does not validly opt out of or is otherwise excluded from the Settlement Class.

      **2.33**   **"Settlement"** means the settlement into which the Parties have entered to resolve the Action.  The terms of the Settlement are set forth in this Agreement and the attached exhibits, which are incorporated by reference herein.

      **2.34**   **"Settlement Award"** means a cash payment that may be available to eligible Settlement Class Members pursuant to Section **11** of this Agreement.

      **2.35**   **"Settlement Class"** or **"Settlement Class Members"** means those persons who are members of the Settlement Class defined in Section **2.31** above, and who do not timely and validly request exclusion from the Settlement Class.

      **2.36**   **"Settlement Costs"** means all costs incurred in the litigation by Class Plaintiff and his attorneys, as well as all costs of notice and claims administration, including:  (i) any award of attorneys' fees, costs, and expenses to Class Counsel approved by the Court; (ii) any incentive award to Class Plaintiff approved by the Court; (iii) all costs of printing and providing notice to persons in the Settlement Class (including, but not limited to, costs for Mail Notice and Website Notice and any different or additional notice that might be ordered by the Court); (iv) all costs of administering the Settlement, including, but not limited to, identifying Settlement Class Members, the cost of printing and mailing Settlement Awards and other payments, Claim Forms, and the cost of maintaining a designated post office box and/or operating the Settlement Website for receiving Claim Forms; and (v) the fees, expenses, and all other costs of the Claims Administrator.

      **2.37** **"Settlement Fund"** means the amount of $1,432,000.00 to be paid by Defendant as set forth in this Agreement.  Any increase in number of unique telephone numbers above the 179,642 unique cellular telephone numbers identified in the Settlement Class will result in an increase to the Settlement Fund based on the pro rata calculation of $1,432,000.00 divided by 179,642, times the number of unique cellular telephone numbers above 179,642.

      **2.38** **"Settlement Termination Date"** means the date, if any, that any Party exercises its right to terminate this Agreement under the terms thereof.

      **2.39** **"Settlement Website"** means the website established by the Claims Administrator to aid in the administration of the settlement.

      **2.40** **"TCPA"** means the Telephone Consumer Protection Act, 47 U.S.C. § 227, and any regulations or rulings promulgated under it.

      **2.41** **"Website Notice"** means the website notice provided pursuant to Section **10.2(B)** of this Agreement, substantially in the form attached hereto as <u>Exhibit 5</u>.  The Website Notice will be posted on the "Settlement Website."

      **2.42** Capitalized terms used in this Agreement but not defined above have the meaning ascribed to them in this Agreement, including the attached exhibits.

**3.** **<u>SETTLEMENT PURPOSES ONLY</u>**

      **3.1** **General.**  This Agreement is made for the sole purpose of settlement of the Action, on a class-wide basis, as well as the settlement of all related individual claims made by the Class Plaintiff.  The settlement of the Action is expressly conditioned upon the entry of a Preliminary Approval Order and a Final Approval Order by the Court.  In the event that the Court does not execute and file the Order of Final Approval, or in the event the Order of Final Approval does not become final for any reason, or is modified in any material respect, or in the event that the Final Effective Date, as defined herein, does not occur, this Agreement will be deemed null and void *ab initio* and will be of no force and effect whatsoever, and will not be utilized for any purpose whatsoever.

**3.2     Defendant's Position on Conditional Certification of the Settlement Class.**
Defendant disputes that a class would be manageable or that class issues predominate over individual ones, and denies that a litigation class properly could be certified on the claims asserted in the Action.  However, solely for purposes of avoiding the expense and inconvenience of further litigation, Defendant does not oppose and hereby agrees to certification of the Settlement Class defined in Sections **2.31**, *for settlement purposes only*, pursuant to Fed. R. Civ. P. 23(b)(3). Preliminary certification of the Settlement Class for settlement purposes shall not be deemed a concession that certification of a litigation class is appropriate, nor would Defendant be precluded from challenging class certification in further proceedings in the Action or in any other action if the Settlement is not finalized or finally approved.  If the Settlement is not finally approved by the Court for any reason whatsoever, the certification of the Settlement Class will be void, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings involving Defendant. No agreements made by or entered into by Defendant in connection with the Settlement may be used by Class Plaintiff, any person in the Settlement Class, or any other persons to establish any of the elements of class certification in any subsequent action against Defendant.

**3.3     Admissibility.**  Additionally, this Agreement, any negotiations or proceedings related hereto, the implementation hereof, and any papers submitted in support of the motions for approval hereof (collectively, the "Settlement Proceedings") are not be construed as or deemed to be evidence of any admission or concession by any of the Parties or any other Person regarding liability, damages, or the appropriateness of class treatment, and are not offered or received in evidence in any action or proceeding for any purpose whatsoever; provided, however, that this Agreement and the Settlement Proceedings may be presented to the Court in connection with the implementation or enforcement of this Agreement, or as may be necessary or appropriate to further the purposes sought to be achieved by this Agreement.

**3.4     Denial of Liability.**  By entering into this Agreement, it is understood that the Released Parties, including Defendant, do not admit and, to the contrary, expressly deny that they have breached any duty, obligation, or agreement; that they have engaged in any illegal, tortious,

or wrongful activity; that they are liable to Releasing Parties, including Class Plaintiff, any person in the Settlement Class or any other persons; and/or that any damages have been sustained by any Releasing Parties in any way arising out of or relating to the conduct alleged in the Action. Defendant expressly reserves all rights to challenge Releasing Parties' claims on all factual and procedural grounds, including but not limited to the assertion of any and all defenses.

3.5     **Class Plaintiff's Belief in the Merits of the Case.**  Class Plaintiff believes the claims asserted in the Action have merit and that the evidence developed to date supports those claims.  This Settlement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Class Plaintiff that there is any infirmity in the claims asserted by him, or that there is any merit whatsoever to any of the contentions and defenses that Defendant has asserted.

3.6     **Class Plaintiff Recognizes the Benefit of Settlement.**  Class Plaintiff recognizes and acknowledges, however, the expense and amount of time which would be required to continue to pursue the Action against Defendant, as well as the uncertainty, risk and difficulties of proof inherent in prosecuting such claims on behalf of the Settlement Class.  Class Plaintiff has concluded that it is desirable that the Action and any Released Claims be fully and finally settled and released as set forth in this Agreement.  Class Plaintiff and Class Counsel believe that the terms set forth in this Agreement confer substantial benefits upon the Settlement Class and that it is in the best interests of the Settlement Class to settle as described herein.

4.     **JURISDICTION**

4.1     The Parties agree that the Court has, and will continue to have, jurisdiction to make any orders as may be appropriate to effectuate, consummate, and enforce the terms of this Agreement, to approve awards of attorneys' fees, costs, and expenses pursuant thereto, and to supervise the administration of and the distribution of money funded pursuant to this Agreement.

5.     **SETTLEMENT TERMS AND BENEFITS TO THE SETTLEMENT CLASS**

5.1     **Maximum Payment to Settlement Class.**  Defendant will pay the total sum of $1,432,000.00 to settle the Action with the Settlement Class and obtain a release of all Released

Claims in favor of all Released Parties as set forth herein unless the Settlement Fund is increased as a result of an increase in class size as set forth in Section 2.37.  The Maximum Payment will be used to pay Approved Claims and any Settlement Costs.  Settlement Class Members will be eligible for a cash payment, the amount of which is dependent upon the number of Approved Claims.  In no event will Defendant's payment obligations exceed the Settlement Fund.

       **5.2**     **Amount Paid Per Claim.**  The amount paid per Approved Claim will be divided among the approved claimants on a *pro rata* basis from the amount remaining in the Settlement Fund after deducting the Settlement Costs from the Maximum Payment.

## 6.    ATTORNEYS' FEES, COSTS, EXPENSES AND PAYMENT TO CLASS PLAINTIFF

       **6.1**     **Attorneys' Fees, Costs, and Expenses.**  Class Counsel will move the Court for an award of attorneys' fees, costs, and expenses paid from the Settlement Fund under the applicable common fund doctrine.  The amount of attorneys' fees, costs, and expenses approved by the Court will be paid from the Settlement Fund, and from no other source.  Within five (5) days of the Funding Date and after receipt of Class Counsel's completed W-9 form, the Claims Administrator will pay to Class Counsel the amount of attorneys' fees, costs and expenses awarded to Class Counsel by the Court, as directed by written instructions from Class Counsel.  Court approval of attorneys' fees, costs, and expenses, or their amounts, will not be a condition of Settlement.  In addition, no interest will accrue on such amounts at any time.

       **6.2**     **Payment to Class Plaintiff.**  Class Plaintiff will ask the Court to award an incentive payment (in addition to any *pro rata* distribution he may receive under Section **5.2**) for the time and effort he has invested in this Action, and for the benefits his efforts have provided to the Class.  Within five (5) days of the Funding Date, the Claims Administrator will pay to Class Counsel the incentive payment awarded by the Court, and Class Counsel will disburse such funds.  In addition, no interest will accrue on such amounts at any time.  Any incentive payment will come from the Settlement Fund and from no other source.

6.3     **Settlement Independent of Award of Fees and Incentive Payment.**   The payment of attorneys' fees, costs, expenses, and incentive payment set forth in Sections **6.1** and **6.2** are subject to and dependent upon the Court's approval as fair, reasonable, adequate and in the best interest of Settlement Class Members.   However, this Settlement is not dependent upon the Court's approving Class Plaintiff's request for such payments or awarding the particular amounts sought by Class Plaintiff.   In the event the Court declines Class Plaintiff's requests or awards less than the amounts sought, this Settlement will continue to be effective and enforceable by the Parties.

7.     **CONDITIONS OF SETTLEMENT**

7.1     Performance of the obligations set forth in this Agreement is subject to all of the following material conditions:

       **(A)**     Execution of this Agreement by Defendant, Class Plaintiff, and Class Counsel.

       **(B)**     the granting of preliminary approval by the Court.

       **(C)**     Sending of the notices, described in Section **10** below.

       **(D)**     the granting of final approval by the Court.

       **(E)**     Execution and entry of Judgment by the Court.

7.2     The Parties hereby covenant and agree to cooperate reasonably and in good faith for the purpose of achieving occurrence of the conditions set forth above, including, without limitation, timely filing of all motions, papers and evidence necessary to do so, and refraining from causing or encouraging directly or indirectly any appeal or petition for writ proceedings by third parties seeking review of any Order contemplated by this Agreement.   Class Counsel represent and warrant that they have authority to take all such actions required of them pursuant to this Agreement, and that by doing so they are not in breach or violation of any agreement with Class Plaintiff or any third party.

8.     **PRELIMINARY APPROVAL OF THE SETTLEMENT**

**8.1     Preliminary Approval Motion.** As soon as practical after the execution of this Agreement by all Parties, Class Plaintiff will move the Court for entry of the Preliminary Approval Order in substantially the same form attached as Exhibit 4.  Pursuant to the motion for preliminary approval, Class Plaintiff will request that (and Defendant will not oppose):

**(A)**    The Court conditionally certify the Settlement Class for settlement purposes only and appoint Class Counsel for the Class;

**(B)**    The Court preliminarily approve this Agreement and the Settlement reflected herein as fair, adequate and reasonable to the Settlement Class;

**(C)**    The Court approve the form of Class Notice and find that the notice program constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23;

**(D)**    The Court direct that notice be provided to the Settlement Class, in accordance with this Agreement, within forty-five (45) days following entry of the Preliminary Approval Order (the "Notice Deadline");

**(E)**    The Court establish a procedure for any class members to object to the Settlement or exclude themselves from the Settlement Class in accordance with this Agreement;

**(F)**    The Court set a deadline sixty (60) days after the Notice Deadline, after which no one will be permitted to object to the Settlement or exclude himself or herself or seek to intervene (the "Opt-Out and Objection Deadline");

**(G)**    The Court approve the Claim Form and the claims process described herein for the Settlement Class;

**(H)**    The Court set the Claim Period for the submission of Claims to end sixty (60) days after the Notice Deadline;

(I)     The Court, pending determination of whether the Settlement should be finally approved, bar and enjoin all persons in the Settlement Class, individually, and on a representative basis or other capacity, from commencing or prosecuting against any of the Released Parties any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims unless they timely opt-out;

(J)     The Court, pending final determination of whether the Settlement should be approved, stay all proceedings except those related to effectuating the Settlement; and

(K)     The Court schedule a hearing to consider Final Approval of the Settlement, which shall be scheduled no earlier than thirty (30) days after the Opt-Out and Objection Deadline.

**8.2     Stay/Bar of Proceedings**.  All proceedings between the Parties in the Action will be stayed following entry of the Preliminary Approval Order, except as may be necessary to comply with the Settlement or to implement the Settlement.  Pending determination of whether the Settlement should be granted Final Approval, the Parties agree not to pursue any claims or defenses otherwise available to them in the Action, and no person in the Settlement Class or person acting or purporting to act directly or derivatively on behalf of a person may commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims.  The Preliminary Approval Order will contain an injunction enjoining the prosecution of the Released Claims by any person unless such person is not a Settlement Class Member or until after such person is validly excluded from the Settlement Class.

**9.     SETTLEMENT CONSIDERATION**

**9.1     The Settlement Fund.**  As full and complete consideration for the Settlement as to the Settlement Class, Defendant will pay the total Settlement Fund of $1,432,000.00 to fully and completely settle all claims of Class Plaintiff and the Settlement Class Members unless the Settlement Fund is increased as a result of an increase in class size as set forth in Section 2.37.

The Settlement Fund will be used as described in Section 2.23 herein.  Defendant will deposit money into the Escrow Account as follows: (a) Defendant will advance the amounts necessary to pay for the Notice Program and settlement administration, which advances will be credited against the Settlement Fund; and (b) Defendant will pay the balance of the Settlement Fund into the Escrow Account within fifteen (15) days following the Effective Date.  Defendant will not, under any circumstances or for any reason, be obligated to pay any amounts in addition to the Settlement Fund in connection with the Settlement.

10.   **ADMINISTRATION AND NOTIFICATION PROCESS**

10.1   **Claims Administrator.**  The Claims Administrator will administer the Settlement. Defendant will reasonably cooperate in the notice and administration process by providing the Claims Administrator, on a confidential basis, with access to the cellular telephone numbers for persons in the Settlement Class (the "Class List").  The parties will provide the Class List to the Claims Administrator within fourteen (14) days following Preliminary Approval.

10.2   **Settlement Class Notice Program For the Settlement Class.**  The Claims Administrator must, by the Notice Deadline, provide:

    (A)   **Mail Notice.**  The Claims Administrator will provide individual notice via postcard to the most recent mailing address of Settlement Class Members. The Claims Administrator will work with one or more third-party vendors to perform reverse look ups of the cellular telephone numbers contained in the Class List to identify names and addresses of Settlement Class Members. The Claims Administrator will perform skip tracing for all returned direct mail; all costs of skip tracing will be considered Settlement Costs and paid from the Settlement Fund.  The Notice will direct recipients to the Settlement Website.

    (B)   **Website Notice.**  The Claims Administrator will establish and maintain the Settlement Website dedicated to the Settlement, on which will be posted the Website Notice, Claim Form, a copy of this Agreement, the Preliminary

Approval Order, the operative Complaint, and any other materials the Parties agree to include.  These documents will be available on the Settlement Website beginning five (5) days following the entry of the Preliminary Approval Order and remain until the Effective Date.  The Settlement Website will also provide for online submission of Claim Forms and will also allow Settlement Class Members to update their contact information.  The Claims Administrator will secure the URL JohnsonNPASSolutionsSettlement.com for the Settlement Website.

**(C)**   **Toll free Number/IVR/Telephone Claims.**  The Claims Administrator will establish and maintain a toll-free number that will answer questions concerning this Agreement and allow Settlement Class Members to request a written claim form or use their Claim ID to make a claim via telephone.

**(D)**   **Publication Notice.**  The Claims Administrator will cause summary notice of the settlement, as approved by the parties, to be published in a national edition of USA Today.

**(E)**   **CAFA Notice.**  Defendant will be responsible for serving the CAFA notice required by 28 U.S.C. § 1715 to the Attorney General of the United States and the appropriate state officials within ten (10) days of the filing of the Preliminary Approval Motion.

## 11.   <u>SETTLEMENT AWARDS</u>

**11.1    Awards to Settlement Class Members.**  All Settlement Class Members will be entitled to make a Claim upon the Settlement Fund for a Settlement Award, which will be paid by check, as set forth below.  Each Settlement Class Member may make only one Claim, regardless of the number of calls the Settlement Class Member received from Defendant.  Each Settlement Class Member who submits a valid and timely Claim Form will be awarded a *pro rata* share of the Settlement Fund after Settlement Costs are deducted.

**11.2    Conditions For Claiming Settlement Awards.**   Settlement Awards will be available to Settlement Class Members on a claims-made basis.   To obtain a Settlement Award, the Settlement Class Member must submit a valid and timely Claim Form, which must include: (i) the Settlement Class Member's full name, and mailing address; (ii) to the Class Member's best ability, the cellular telephone number at which Defendant allegedly contacted the Settlement Class Member; (ii) for mailed Claim Forms, the Settlement Class Member's signature; (iii) for Claim Forms submitted via the Settlement Website, the Settlement Class Member's electronic signature and an affirmation that all information contained in the Claim Form is true and accurate; and (iv) for Claim Forms submitted via the toll-free number, an affirmation that by pressing "1" all information recited after the Claim ID is entered is true and accurate.   For Claim Forms submitted without a Claim ID, the Settlement Class Member must submit the phone number called by Defendant that is found on the Class List.   Claim Forms must be submitted by mail to the Claims Administrator, via toll-free number, or via the Settlement Website.   To be deemed timely, Claim Forms must be postmarked or submitted via the Settlement Website or toll-free number prior to or on the last day of the Claim Period.   There will be no obligation to honor any Claim Forms submitted or postmarked after the end of the Claim Period, even if such Claim Form otherwise would be valid.   Once the Settlement Award payments have been distributed, the Claims Administrator shall destroy all information regarding Settlement Class Members.

**11.3    Award Estimates**.   Class Counsel will include in the Class Notices a good faith estimated range for Settlement Awards.

## 12.    DISTRIBUTION OF SETTLEMENT AWARDS

**12.1    Settlement Award Payments.**   Class Members will receive Settlement Awards by check.   The Claims Administrator will send each eligible Settlement Class Member who timely submits a completed, valid Claim Form within forty-five (45) days after the Effective Date their Settlement Award.   The Claims Administrator will perform skip tracing and re-mailing, as necessary, to reach Settlement Class Members who have submitted a valid Claim Form; all costs of such work will be considered Settlement Costs.   Checks will be valid for one-hundred twenty

(120) days from the date on the check.  The amounts of any checks that are returned as undeliverable or that remain uncashed more than one-hundred twenty (120) days after the date on the check will be included as part of the Second Distribution (as defined below).

   12.2   **Second Distribution.**  If, after the expiration date of the checks distributed pursuant to Section **12.1** above, there remains money in the Settlement Fund sufficient to pay at least ten dollars ($10.00) to each Settlement Class Member who was not a person who failed to cash his or her initial Settlement Award check, such remaining monies will be distributed on a *pro rata* basis to those Settlement Class Members (the "Second Distribution").  The Second Distribution will be made within ninety (90) days after the expiration date of the checks distributed pursuant to Section **12.1** above, and will be paid in the same manner as the original Settlement Award.  Checks issued pursuant to the Second Distribution will be valid for one-hundred twenty (120) days from the date on the check.

   12.3   **Remaining Funds.**  Subject to the provisions in Section **2.23** herein, money in the Settlement Fund that has not been distributed following the expiration of checks issued pursuant to the Second Distribution as set forth in Section **12.2** above, including money not distributed because there is not enough money in the Settlement Fund to justify a Second Distribution (the "Remaining Funds"), will be paid as *cy pres*.  The parties designate Legal Aid Society of Palm Beach County, Inc. as the *cy pres* designee.

**13.   OPT-OUTS AND OBJECTIONS**

   13.1   **Opt-Out Requirements.**  Persons in the Settlement Class may request exclusion from the Settlement by sending a written request to the Claims Administrator at the address designated in the Class Notice no later than the Opt-Out and Objection Deadline.  Exclusion requests must: (i) be signed by the person in the Settlement Class who is requesting exclusion; (ii) include the full name and address of the person in the Settlement Class requesting exclusion; and (iii) include the following statement: "I/we request to be excluded from the settlement in the NPAS Solutions TCPA action."  No request for exclusion will be valid unless all of the information described above is included.  No person in the Settlement Class, or any person acting on behalf of

or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

**13.2    Retention of Exclusions.**  The Claims Administrator will retain a copy of all requests for exclusion and will, upon written request, provide copies of any such requests to counsel for the Parties.  Class Counsel will keep any such opt-out information confidential and use it only for purposes of determining whether a person in the Settlement Class has properly opted out.

**13.3    Right To Object.**  Any Settlement Class Member may appear at the Final Approval Hearing to object to the proposed Settlement, but only if the Settlement Class Member has first filed a written objection with the Clerk of Court, in accordance with the requirements set forth below, by the Opt-Out and Objection Deadline.  Any Settlement Class Member who does not provide a written objection in the manner described in this Section will have waived any objection and be forever foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of any attorneys' fees, costs, and expenses, and/or incentive award. Further, any Settlement Class Member who intends to appear at the Final Approval Hearing must file and serve on all parties a Notice of Intention to Appear with the Court.

**13.4    Objection Requirements.**  To be heard at the Final Approval Hearing, the Settlement Class Member must make any objection in writing and file it with the Court by the Opt-Out and Objection Deadline.  The objection must also be mailed to each of the following, postmarked not later than the last day to file the objection: (i) Class Counsel – Michael L. Greenwald, Greenwald Davidson Radbil PLLC, 5550 Glades Road, Suite 500, Boca Raton, FL 33431; and (ii) Defendant's Counsel – Maura K. Monaghan, Debevoise & Plimpton LLP, 919 Third Ave., New York, NY 10022.  An objection must:

> **(A)**    Attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member, including providing the Claim ID, full name, address, the cellular telephone

number called, and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel;

    **(B)**    Include a statement of such Settlement Class Member's specific objections; and

    **(C)**    State the grounds for objection and attach any documents supporting the objection.

    **13.5**    Any Settlement Class Member who objects may, but does not need to, appear at the Fairness Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement.  A Settlement Class Member or his or her attorney intending to make an appearance at the Fairness Hearing must: (i) file a notice of appearance with the Court no later than twenty (20) days prior to the Fairness Hearing, or as the Court may otherwise direct; and (ii) serve a copy of such notice of appearance on all counsel for all Parties.  Any Settlement Class Member who fails to comply with the provisions of Sections **13.4** and **13.5** will waive and forfeit any and all rights to appear separately and/or to object, and will be bound by all the terms of this Settlement, and by all proceedings, orders, and judgments in the litigation.

**14.**    <u>**FINAL APPROVAL AND JUDGMENT ORDER**</u>

    **14.1**    **Final Approval.**  Following completion of the Class Notice process and within thirty (30) days following expiration of the Opt-Out and Objection Period, the Parties will request that the Court enter the Final Approval Order in substantially the same form attached as Exhibit 2, which shall specifically include provisions that:

    **(A)**    Finally approve the Settlement as fair, reasonable and adequate;

    **(B)**    Find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23;

**(C)**    Find that the Settlement Class Members have been adequately represented by Class Plaintiff and Class Counsel;

**(D)**    Approve the plan of distribution for the Settlement Fund and any interest accrued thereon;

**(E)**    Certify the Settlement Class;

**(F)**    Confirm that Class Plaintiff and the Settlement Class Members have released all Released Claims that are contemplated under this Agreement and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims that are contemplated under this Agreement against the Released Parties;

**(G)**    Dismiss on the merits and with prejudice all claims of the Settlement Class Members asserted against Defendant, as well as the Action, without costs to any party, except as provided in this Agreement; and

**(H)**    Retain jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Settlement.

**15.    FINAL JUDGMENT**

**15.1**    The Judgment entered at the Final Approval Hearing shall be deemed final:

**(A)**    Thirty (30) days after entry of the Final Judgment approving the Settlement if no document is filed within the time seeking appeal, review or rehearing of the judgment; or

**(B)**    If any such document is filed, then five (5) days after the date upon which all appellate and/or other proceedings resulting from such document have been finally terminated in such a manner as to permit the judgment to take effect in substantially the form described in Section **14.**

**16.    <u>DISMISSAL, NO ADMISSIONS AND PUBLICITY LIMITATIONS</u>**

**16.1    Dismissal.**  Upon entry of the Final Approval Order, the Action will be dismissed with prejudice as to the Class Plaintiff and Settlement Class Members.

**16.2    No Admission of Liability.**    Defendant expressly disclaims and denies any wrongdoing or liability whatsoever, and Defendant expressly denies all liability and wrongdoing of any kind associated with the alleged claims in the operative complaint.  Defendant has denied and continues to deny each and every material factual allegation and all claims asserted against it in the Action.  This Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with this Settlement, shall not be construed or deemed to be evidence of an admission or concession by the Released Parties of any liability or wrongdoing and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief.  Nothing herein shall constitute an admission by the Released Parties that the Action is properly brought on a class or representative basis, or that a class may be certified in the Action, other than for settlement purposes.  Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing by or liability of the Released Parties; (ii) is or may be deemed to be or may be used in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal as an admission or evidence of any fault or omission of the Released Parties; (iii) is or may be deemed a waiver of Defendant's right to challenge class certification if this Settlement for any reason does not become final; (iv) is or may be deemed to be a waiver of Defendant's right to seek to enforce any arbitration provision in other cases or against persons in the Settlement Class, to the extent such arbitration provisions exist; or (v) is or may be deemed or used as an admission of the appropriateness of these or similar claims against Defendant for class certification.

**16.3    No Admission Under Federal Rule of Evidence 408.**  Pursuant to Federal Rule of Evidence 408 and any similar provisions under the laws of other states, neither this Agreement nor any related documents filed or created in connection with this Agreement shall be admissible

in evidence in any proceeding, except as may be necessary to approve, interpret or enforce this Agreement.

**16.4     No Publicity Beyond Notice Procedures.**  The Parties will not make statements of any kind to any third-party regarding the Settlement prior to the filing of a motion for Preliminary Approval with the Court, with the exception of the Claims Administrator.  The Parties may make public statements to the Court as necessary to obtain Preliminary or Final Approval of the Settlement, and Class Counsel will not be prohibited from communicating with any person in the Settlement Class regarding the Action or the Settlement.

## 17.    <u>RELEASE OF CLAIMS</u>

**17.1**     As of the Effective Date, Class Plaintiff, and the Settlement Class Members, provide the following releases:

**17.2**     Class Plaintiff and each and all Settlement Class Members, on behalf of themselves and their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, and other persons claiming through any of them, will be deemed to have fully released and forever discharged Defendant and the Released Parties from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of NPAS Solutions, LLC's contact or attempt to contact Settlement Class Members during the Class Period on their cellular telephones via an automated telephone dialing system or artificial or prerecorded voice, to the fullest extent that those terms are used, defined or interpreted by the TCPA or any other similar statute, relevant regulatory or administrative promulgations and case law, including, but not limited to, claims under or for a violation of the TCPA and any other federal,

state, or local statutory, regulatory or common law claim arising under the TCPA arising from the use of automated telephone dialing systems and/or an artificial or pre-recorded voice to call to cellular telephones (collectively, the "Released Claims").

**17.3    Waiver of Unknown Claims.**  Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement, and the Releases contained therein, becomes effective. This Section constitutes a waiver of such claims, without limitation as to any other applicable law, including Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

**17.4**    Class Plaintiff and the Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases.  In connection with such waivers and relinquishment, Class Plaintiff and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

**17.5    Covenant Not to Sue.**  Class Plaintiff and Settlement Class Members agree and covenant, and each Settlement Class member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, or otherwise assist others in

doing so, and agree to be forever barred from doing so, in any court of law, equity, or any other forum.

## 18.   <u>TERMINATION OF AGREEMENT</u>

**18.1   Either Side May Terminate the Agreement.**  Class Plaintiff and Defendant have the right to unilaterally terminate this Agreement by providing written notice of his or its election to do so ("Termination Notice") to all other Parties within ten (10) calendar days of any of the following occurrences:

    **(A)**    The Court rejects or declines to preliminarily or finally approve the Agreement;

    **(B)**    An appellate court reverses the Final Approval Order, and the Agreement is not reinstated without material change by the Court on remand;

    **(C)**    The Effective Date does not occur; or

    **(D)**    In the event that the number of persons in the Settlement Class who validly and timely submit opt-out requests exceeds five percent (5%) of the class, Defendant, in its sole and absolute discretion, may terminate this Agreement.

**18.2   Settlement Fund Return to Defendant.**  In the event that the Settlement is not approved, or is terminated, canceled or fails to become effective for any reason including, but not limited to, those reasons outlined in Section **18.1** herein, the money remaining in the Settlement Fund (including accrued interest), less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with this Agreement, shall be returned to Defendant within fifteen (15) days of the event that causes the Agreement to not become effective.

**18.3   Revert to Status Quo.**  If either Class Plaintiff or Defendant terminates this Agreement as provided herein, the Agreement will be of no force and effect and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement

will be vacated.  However, any payments made to the Claims Administrator for services rendered to the date of termination will not be refunded by Defendant.

19.    **TAXES**

19.1    **Qualified Settlement Fund.**  The Parties agree that the Escrow Account into which the Settlement Fund is deposited is intended to be and shall at all times constitute a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1.  The Claims Administrator will timely make such elections as necessary or advisable to carry out the provisions of Section **10**, including if necessary, the "relation back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such Treasury regulations promulgated under § 1.468B of the Internal Revenue Code of 1986, as amended (the "Code").  It is the responsibility of the Claims Administrator to cause the timely and proper preparation and delivery of the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

19.2    **Claims Administrator is "Administrator."**   For the purpose of § 1.468B of the Code and the Treasury regulations thereunder, the Claims Administrator shall be designated as the "administrator" of the Settlement Fund.  The Claims Administrator shall cause to be timely and properly filed all information and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B2(k)).  Such returns shall reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

19.3    **Taxes Paid By Administrator.**  All taxes arising in connection with income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Defendant or any of the other Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, shall be paid by the Claims Administrator from the Settlement Fund.

**19.4    Expenses Paid from Fund.**  Any expenses reasonably incurred by the Claims Administrator in carrying out the duties described in Section **10**, including fees of tax attorneys and/or accountants, shall be paid by the Claims Administrator from the Settlement Fund.

**19.5    Responsibility for Taxes on Distribution.**  Any person or entity that receives a distribution from the Settlement Fund will be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution.  Such taxes and tax-related expenses will not be paid from the Settlement Fund.

**19.6    Defendant Is Not Responsible.**  In no event shall Defendant or any of the other Released Parties have any responsibility or liability for taxes or tax-related expenses arising in connection with the payment or distribution of the Settlement Fund to Class Plaintiff, Settlement Class Members, Class Counsel or any other person or entity.

**20.    <u>MISCELLANEOUS</u>**

**20.1**    This Agreement is to be governed by the laws of the State of Florida.

**20.2    Evidentiary Preclusion.**  In order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, the Released Parties may file the Agreement and/or the judgment in any action or proceeding that may be brought against them.

**20.3    No Construction Against Drafter.**  This Agreement was drafted jointly by the Parties and in construing and interpreting this Agreement, no provision of the Agreement shall be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

**20.4    Entire Agreement.**  This Agreement and exhibits hereto constitute the entire agreement between the Parties and supersede all prior understandings, agreements, or writings regarding the subject matter of this Agreement.  No representations, warranties or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.  This Agreement may be amended or modified only by a written

instrument signed by all Parties or their successors in interest or their duly authorized representatives and approved by the Court.  The provisions of the Agreement may be waived only in a writing executed by the waiving party.  The waiver by one party of any breach of this Agreement by any other party shall not be deemed a waiver, by that party or by any other party, of any other prior or subsequent breach of this Agreement.

**20.5    Authority.**  Each person executing this Agreement on behalf of any of the Parties hereto represents that such person has the authority to execute this Agreement.

**20.6    No Assignment.**  No party to this Agreement has heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or cause or causes of action disposed of by this Agreement.

**20.7    Receipt of Advice of Counsel.**  Class Plaintiff and Defendant acknowledge, agree and specifically warrant that he or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.  Each Party to this Agreement warrants that he or it is acting upon his or its independent judgment and upon the advice of his or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

**20.8    Agreement Binding on Successors in Interest.**  This Agreement is binding on and shall inure to the benefit of the respective heirs, successors and assigns of the Parties.

**20.9    Execution in Counterparts.**  The Parties may execute this Agreement in any number of counterparts, each of which shall be deemed an original, but all of which together constitutes one and the same instrument.

**20.10   Notices.**  Unless stated otherwise herein, any notice required or provided for under this Agreement shall be in writing and may be sent by electronic mail, fax, regular mail or FedEx, postage prepaid, as follows:

<u>As to Class Plaintiff and Settlement Class</u>    <u>As to Defendant</u>:

Michael L. Greenwald                    Maura K. Monaghan
Greenwald Davidson Radbil PLLC       Debevoise & Plimpton LLP
5550 Glades Road, Ste. 50              919 Third Ave.
Boca Raton, FL 33431                  New York, NY 10022

**20.11   Future Changes in Laws or Regulations.**   To the extent Congress, the Federal Communications Commission or any other relevant regulatory authority promulgates materially different requirements under the TCPA, those laws and regulatory provisions do not impact this Settlement Agreement.

**20.12   Time Periods.**   The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

**20.13   Resolution of Disputes.**   The Parties will cooperate in good faith in the administration of this Settlement.   Any unresolved dispute regarding the administration of this Agreement shall be decided by the Court, or by a mediator upon agreement of the Parties.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Agreement to be executed as follows:

[SIGNATURES ON FOLLOWING PAGE]

DocuSign Envelope ID: F61FC7B4-1254-41C6-A268-594D9B8511E7

CLASS PLAINTIFF:

Charles T. Johnson

Dated: November 15, 2017

NPAS Solutions, LLC

Dated: November 28, 2017

By:

Its: N. Eric Ward - President

**APPROVED AS TO FORM AND CONTENT:**

**CLASS COUNSEL**

Greenwald Davidson Radbil PLLC

Dated: November 15, 2017

Michael L. Greenwald

**DEFENDANT'S COUNSEL**

Debevoise & Plimpton LLP

Dated: November 28, 2017

By:

**EXHIBIT 1**

**CLAIM FORM**

Carefully separate at perforation

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Charles T. Johnson v. NPAS Solutions, LLC,**
**Case No. 9:17-cv-80393 (S.D. Fla.)**

<u>**CLAIM FORM**</u>

[admin] ID: «[Admin] ID»                                Name/Address Changes:
«First Name» «Last Name»
«Address1»                                          _____
«City», «State» «Zip»                               _____

I am a member of the settlement class in *Johnson v. NPAS Solutions, LLC*.  I received one or more wrong-number telephone calls from NPAS Solutions, LLC to a cellular telephone between March 28, 2013 through Month Day, 2017.

**IF YOU MOVE, send your CHANGE OF ADDRESS to the**
**Settlement Administrator at the address on the backside of this form.**

**Bottom Inside**

Signature: _____        Telephone number on which I received the call(s):

                                                _____
Date of signature: _____

To receive a payment you must enter all requested information above, sign
and mail this claim form, postmarked on or before [Month] [day], 2018.
Or you may visit the settlement website, www.JohnsonNPASSolutionsSettlement.com, or call 866-650-4059

To exclude yourself from the class action settlement you must mail a written request for
exclusion to the Claims Administrator, postmarked on or before [Month] [day], 2018.
Your request must include the information required by the Court's [month] [day], 2017 Order.

---

**Bottom Outside**

Please Affix
Postage Here

*Bar Code To Be Placed Here*

Postal Service: Please do not mark Barcode

**Johnson v. NPAS Solutions Settlement Administrator**
**P.O. Box 404042**
**Louisville, KY 40233-4042**

**EXHIBIT 2**

**FINAL APPROVAL ORDER**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO.: 9:17-cv-80393-ROSENBERG/HOPKINS

———————————————————— x
                       :
CHARLES T. JOHNSON, on behalf of himself :
and others similarly situated,          :
                       :
             Plaintiff,    :
                       :
    vs.                     :
                       :
NPAS SOLUTIONS, LLC,        :
                       :
           Defendant.   :
                       :
———————————————————— x

**FINAL ORDER AND JUDGMENT**

On March 28, 2017, Charles T. Johnson ("Plaintiff") filed a class action complaint (hereinafter referred to as the "Lawsuit") against NPAS Solutions, LLC ("NPAS Solutions") in the United States District Court for the Southern District of Florida, Case No. 9:17-cv-80393, asserting class claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*

NPAS Solutions has denied any and all liability alleged in the Lawsuit.

On November 28, 2017, after appropriate arms-length negotiations, Plaintiff and NPAS Solutions (the "Parties") entered into a written settlement agreement (the "Settlement Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On November 29, 2017, Plaintiff filed the Settlement Agreement, along with his Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, NPAS Solutions served written notice of the proposed class settlement as directed.

On [Date], 2017, upon consideration of Plaintiff's Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Charles T. Johnson as the Class Representative; (iv) appointed Greenwald Davidson Radbil PLLC as Class Counsel; and (v) set the date and time of the Settlement Approval Hearing.

On [Date], 2018, Plaintiff filed his Unopposed Motion for Final Approval of Class Action Settlement (the "Final Approval Motion").

On [Date], 2018, this Court held a Final Approval Hearing pursuant to Fed. R. Civ. P. 23 to determine whether the Settlement Class satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

Plaintiff now requests final certification of the settlement class under Fed. R. Civ. P. 23 (b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Settlement Agreement, Motion for Final Approval, and record. All capitalized terms used herein have the meanings defined herein and in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby certified, for settlement purposes only, as a class action on behalf of the following Class Members with respect to the claims asserted in the Lawsuit:

> All persons in the United States who (a) received calls from NPAS Solutions, LLC between March 28, 2013 and [preliminary approval] that (b) were directed to a phone number assigned to a cellular telephone service, (c) for which NPAS Solutions' records contain a "WN" designation, and (d) were placed using an automatic telephone dialing system.

Pursuant to Fed. R. Civ. P. 23, the Court certifies Plaintiff Charles T. Johnson as the Class Representative and Michael L. Greenwald, James L. Davidson, and Aaron D. Radbil of Greenwald Davidson Radbil PLLC as Class Counsel.

Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed. The form and method for notifying the Class Members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice was clearly designed to advise Class Members of their rights.

The Court finds that the Settlement Class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A.    The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B.    There are questions of law and fact common to the Class Members, which predominate over any individual questions;

3

C.      Plaintiff's claims are typical of the claims of the Class Members;

D.      Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all Class Members; and

E.      Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

The Court finds that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the class members, when considering, in their totality, the following factors: (1) the absence of any fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the Plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and the substance and amount of opposition to the settlement. *See Leverso v. SouthTrust Bank of AL., N.A.*, 18 F.3d 1527, 1530 (11th Cir. 1994).

The Settlement Agreement, which is deemed incorporated herein, is finally approved and must be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court.  The material terms of the Settlement Agreement include, but are not limited to, the following:

A.      <u>Settlement Fund</u> – Defendant will establish a $1,432,000.00 Settlement Fund (the "Settlement Fund").

B.      <u>Deductions</u> - The following are to be deducted from the Settlement Fund before any other distributions are made:

a.     The costs and expenses for the administration of the settlement and class notice, including expenses necessary to identify class members;

b.     Plaintiff's attorneys' fees, in the amount of ___ percent of the Settlement Fund, and the reimbursement of Class Counsel's litigation costs and expenses, in the amount of $_____; and

c.     The Incentive Payment to Plaintiff.   Charles T. Johnson will receive $_____ as acknowledgment of his role in prosecuting this case on behalf of the Class Members.

C.     <u>Settlement Payment to Class Members</u> - Each Class Member who has submitted a valid and timely claim form will receive compensation as set forth in the Settlement Agreement. Each settlement check will be void one-hundred twenty (120) days after issuance.

The Class Members were given an opportunity to object to the settlement.   ___ Class Members objected to the settlement.   ___ Class Members made a valid and timely request for exclusion and are excluded from the class and settlement and are not bound by this order.  The identities of such persons are : _____.

This Order is binding on all Class Members, except those identified above who validly and timely excluded themselves from the class.

Plaintiff, Settlement Class Members, and their successors and assigns are permanently barred from pursuing, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Settlement Agreement.  Pursuant to the release contained in the Settlement Agreement, the Released Claims are compromised, settled, released, and discharged, by virtue of these proceedings and this order.

This Final Order and Judgment bars and permanently enjoins Plaintiff and all members of the Settlement Class who have not been properly excluded from the Settlement Class from (a) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit, arbitration or individual or class action proceeding in any jurisdiction (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), relating to the Released Claims, and (b) attempting to effect Opt Outs of a class of individuals in any lawsuit or arbitration proceeding based on the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency.

The Lawsuit is hereby dismissed with prejudice in all respects.

This Order, the Settlement Agreement, and any and all negotiations, statements, documents, and/or proceedings in connection with this Settlement are not, and shall not be construed as, an admission by NPAS Solutions of any liability or wrongdoing in this or in any other proceeding.

The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, including the award of attorneys' fees, costs, disbursements, and expenses to Class Counsel.

Class Counsel's request for an award of attorneys' fees of ___ percent of the Settlement Fund is approved.

Class Counsel's request for reimbursement of reasonable litigation costs and expenses in the amount of $_____ is approved.

Plaintiff's request for an incentive award of $_____ is approved.

IT IS SO ORDERED.


Dated: _____, 2018.     _____
                                                The Honorable Robin L. Rosenberg
                                                United States District Court Judge

**<u>EXHIBIT 3</u>**

**<u>MAIL NOTICE</u>**

**What is this lawsuit about?** Charles T. Johnson filed this lawsuit against NPAS Solutions, LLC ("NPAS Solutions"), alleging that NPAS Solutions violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. NPAS Solutions denies the allegations.  The parties have agreed to a settlement.

**Why did you receive this notice?** You received this notice because NPAS Solutions' records identified you as a potential member of the following class: All persons in the United States who (a) received calls from NPAS Solutions, LLC between March 28, 2013 and [date of preliminary approval] that (b) were directed to a phone number assigned to a cellular telephone service, (c) for which NPAS Solutions' records contain a "WN" designation, and (d) were placed using an automatic telephone dialing system.

**What does the settlement provide?** NPAS Solutions will establish a settlement fund in the amount of $1,432,000.00. Out of the settlement fund, NPAS Solutions will pay: (1) Settlement compensation to class members; (2) the costs and expenses of administrating the class action settlement, not to exceed $275,000; (3) an award of attorneys' fees not to exceed 30 percent of the fund, subject to the Court's approval; (4) costs and expenses incurred by Class Counsel litigating this matter not to exceed $6,000, subject to the Court's approval; and (5) an incentive award to Mr. Johnson not to exceed $6,000, subject to the Court's approval. It is estimated that each valid claimant will receive between $40 and $80, depending on the number of class members who participate.

**What are your legal rights and options?** As a class member, you have four options. First, you may timely complete and return the claim form found on the backside of this postcard, or timely submit a claim online at JohnsonNPASSolutionsSettlement.com or by calling 866-650-4059, in which case you will receive a proportionate share of the settlement fund after deducting the above-listed expenses and will release any claim(s) that you have against NPAS Solutions related to the claims in this case. Second, you may do nothing, in which case you will not receive a share of the settlement fund, but you will release any claim(s) that you have against NPAS Solutions related to the claims in this case. Third, you may exclude yourself from the settlement, in which case you will neither receive a share of the settlement fund, nor release any claim(s) that you have against NPAS Solutions. Or fourth, you may object to the settlement. To obtain additional information regarding the manner in which you may exercise your legal rights and options, please visit www.JohnsonNPASSolutionsSettlement.com, or contact the settlement administrator by writing to: Johnson v. NPAS Solutions, LLC, c/o KCC, P.O. Box 404042, Louisville, KY 40233-4042 or by calling 866-650-4059.

**When is the final fairness hearing?** The Court will hold a final fairness hearing on [Month] [day], 2018, at [time]. The hearing will take place in the United States District Court for the Southern District of Florida, Paul G. Rogers Federal Building and Courthouse, 701 Clematis Street, Courtroom 2, West Palm Beach, FL 33401. At the final fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and, if so, whether it should be granted final approval. The Court will hear objections to the settlement, if any. The Court may make a decision at that time, postpone a decision, or continue the hearing.

**Front Inside**

---

**Front Outside**

This is a notice of a settlement of a class action lawsuit.
This is **not** a notice of a lawsuit against you.

If you received a wrong-number call on your cell phone from NPAS Solutions, LLC between March 28, 2013 and [Preliminary Approval], you may be entitled to compensation as a result of the settlement in the class action lawsuit captioned:

*Johnson v. NPAS Solutions, LLC*, No. 9:17-cv-80393 (S.D. Fla.)

A federal court authorized this notice.  This is not a solicitation from a lawyer.

Please read this notice carefully. It summarily explains your rights and options to participate in a class action settlement.

**Johnson v. NPAS Solutions, LLC**
c/o KCC
P.O. Box 404042
Louisville, KY 40233-4042

Permit Info here

*Bar Code To Be Placed Here*

Postal Service: Please do not mark Barcode

**ADDRESS SERVICE REQUESTED**

CLAIM ID: << ID>>
<<Name>>
<<Address>>
<<City>>, <<State>> <<Zip>>

**<u>EXHIBIT 4</u>**

**<u>PRELIMINARY APPROVAL ORDER</u>**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO.: 9:17-cv-80393-ROSENBERG/HOPKINS

---

                                                             x

CHARLES T. JOHNSON, on behalf of himself
and others similarly situated,

                                         Plaintiff,

         vs.

NPAS SOLUTIONS, LLC,

                                   Defendant.

                                                             x

---

**ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT**

The Court has been advised that the parties to this action, Charles T. Johnson ("Plaintiff" or "Class Representative"), and NPAS Solutions, LLC ("NPAS Solutions"), through their respective counsel, have agreed, subject to Court approval following notice to the class members and a hearing, to settle the above-captioned lawsuit upon the terms and conditions set forth in their written settlement agreement (the "Settlement Agreement"), which has been filed with the Court, and the Court deeming that the definitions set forth in the Settlement Agreement are hereby incorporated by reference herein;

NOW, THEREFORE, based upon the Settlement Agreement and all of the files, records, and proceedings herein, and it appearing to the Court that, upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and that a hearing should and will be held on _____, **2018**, after notice to the class members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a final order and judgment should be entered in this lawsuit:

IT IS HEREBY ORDERED:

The Court has jurisdiction over the subject matter of the action and over all settling parties hereto.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, Defendant is directed to cause written notice of the proposed class settlement to be served as directed.

Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, this action is preliminarily certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (referred to as the "class members") with respect to the claims asserted in this action:

> All persons in the United States who (a) received calls from NPAS Solutions, LLC between March 28, 2013 and the date of this order that (b) were directed to a phone number assigned to a cellular telephone service, (c) for which NPAS Solutions' records contain a "WN" designation, and (d) were placed using an automatic telephone dialing system.

Defendant has identified 179,642 unique cellular telephone numbers that fall within the class definition.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily appoints Charles T. Johnson as the Class Representative and Greenwald Davidson Radbil PLLC as Class Counsel.

The Court preliminarily finds that this action satisfies the applicable prerequisites for class action treatment under Rule 23, namely:

     A.    The class members are so numerous and geographically dispersed that joinder of all of them is impracticable;

     B.    There are questions of law and fact common to the class members, which predominate over any individual questions;

C.      Plaintiff's claims are typical of the claims of the class members;

D.      Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the class members; and

E.      Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

The Court preliminarily finds that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the class members, when considering, in their totality, the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of Plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and the substance and amount of opposition to the settlement. *See Leverso v. SouthTrust Bank of AL., N.A.*, 18 F.3d 1527, 1530 (11th Cir. 1994).

A third party class administrator acceptable to the parties will administer the settlement and notification to class members. The class administrator will be responsible for mailing the approved class action notice and settlement checks to the class members who can be identified through reasonable efforts. All costs of administration will be paid out of the Settlement Fund. Upon the recommendation of the parties, the Court hereby appoints the following class administrator: KCC LLC, P.O. Box 6191, Novato, CA 94948.

The Court approves the form and substance of the postcard notice, claim form, and Question & Answer Notice, which are attached as exhibits to the Settlement Agreement.  The

proposed form and method for notifying the class members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice plan is clearly designed to advise the class members of their rights. In accordance with the Settlement Agreement, the class administrator will cause the postcard notice to be mailed to the class members as expeditiously as possible, but in no event later than 45 days after the Court's entry of this order, *i.e.*, **no later than _____, 2018**. The class administrator will confirm, and if necessary, update the addresses for the class members through a standard methodology that the class administrator uses to update addresses. In addition, the Question & Answer Notice, and relevant pleadings, will be made available to class members through a dedicated website.

Any class member who desires to be excluded from the class must send a written request for exclusion to the class administrator with a postmark date no later than 60 days after the Notice Deadline (105 days after the Court's entry of this order), *i.e.*, **no later than _____, 2018**. To be effective, the written request for exclusion must state the class member's full name, address, and telephone number, along with a statement that the class member wishes to be excluded, and must be signed by the class member.  Any class member who submits a valid and timely request for exclusion will not be bound by the terms of the Settlement Agreement.

Any class member who intends to object to the fairness of this settlement must file a written objection with the Court within 60 days after the Notice Deadline (105 days after the Court's entry of this order), *i.e.*, **no later than _____, 2018**. Further, any such class member must, within the same time period, provide a copy of the written objection to Class Counsel, Attention: Michael

L. Greenwald, Greenwald Davidson Radbil PLLC, 5550 Glades Road, Suite 500, Boca Raton, FL 33431; and to Counsel for Defendant, Attention: Maura K. Monaghan, Debevoise & Plimpton LLP, 919 Third Ave., New York, NY 10022

To be effective, a notice of intent to object to the proposed settlement must:

A. Contain a heading which includes the name of the case and case number;

B. Provide the name, address, telephone number and signature of the class member filing the objection;

C. Attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member, including providing the cellular telephone number called by NPAS Solutions;

D. Be sent to Class Counsel and counsel for Defendant at the addresses above by first-class mail, postmarked no later than 105 days after the Court preliminarily approves the settlement;

E. Be filed with the Clerk of the Court no later than 105 days after the Court preliminarily approves the settlement;

F. Contain the name, address, bar number and telephone number of the objecting class member's counsel, if represented by an attorney. If the class member is represented by an attorney, he/she must comply with all applicable laws and rules for filing pleadings and documents in the U.S. District Court for the Southern District of Florida;

G. Include a statement of such Settlement Class Member's specific objections; and

H. State the grounds for objection, as well as identify any documents which such objector desires the Court to consider.

Any class member who has timely filed an objection may appear at the settlement approval hearing, in person or by counsel, and be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the proposed settlement, and on the application for an award of attorneys' fees, costs, and expenses. The right to object to the proposed settlement must be exercised individually by an individual class member, not as a member of a group or subclass and, except in the case of a deceased, minor, or incapacitated class member, not by the act of another person acting or purporting to act in a representative capacity.

The Court orders that any member of the Settlement Class who does not submit a timely, written request for exclusion from the Settlement Class (*i.e.*, becomes an Opt-Out) will be bound by all proceedings, orders and judgments in this litigation, even if such member of the Settlement Class has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Settlement Agreement release.

The class administrator will mail a settlement check to each class member who submits a timely, valid claim form and does not exclude himself or herself from the class. The settlement checks to the class members shall be sent via U.S. mail no later than 45 days after the judgment in this case becomes final.

Charles T. Johnson may petition the Court to receive an amount not to exceed $6,000 as acknowledgement of his role in prosecuting this case on behalf of the class members.

Pending determination of whether final approval of the Settlement Agreement should be granted, the Court enjoins Plaintiff and all members of the Settlement Class unless and until they have timely excluded themselves from (a) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit, arbitration or other

proceeding against Defendant in any jurisdiction based on the Released Claims, (b) filing, commencing or prosecuting a lawsuit, arbitration or other proceeding against Defendant as a class action on behalf of any members of the Settlement Class who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims and (c) attempting to effect Opt Outs of a class of individuals in any lawsuit or arbitration proceeding against Defendant based on the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency.

The Court will conduct a hearing (the "Final Approval Hearing") on _____, 2018 at the United States District Court for the Southern District of Florida, Paul G. Rogers Federal Building and Courthouse, 701 Clematis Street, Courtroom 2, West Palm Beach, FL 33401, to review and rule upon the following issues:

      A.    Whether this action satisfies the applicable requirements for class action treatment for settlement purposes under Rule 23;

      B.    Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the class members and should be approved by the Court;

      C.    Whether the final order and judgment, as provided under the Settlement Agreement, should be entered, dismissing this action with prejudice and releasing the Released Claims against the Released Parties; and

      D.    To discuss and review other issues as the Court deems appropriate.

Attendance at the Final Approval Hearing is not necessary. Class members need not appear at the hearing or take any other action to indicate their approval of the proposed class action

settlement. Class members wishing to be heard are, however, required to appear at the Final Approval Hearing. The Final Approval Hearing may be postponed, adjourned, transferred, or continued without further notice to class members.

Submissions by the Parties, including memoranda in support of the proposed settlement, responses to any objections, petitions for attorneys' fees and reimbursement of costs and expenses by Class Counsel, shall be filed with the Court no later than 30 days prior to the Final Approval Hearing, *i.e.*, **no later than** _____.

The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

The Court sets the following schedule:

| Date | Event |
|---|---|
| | Preliminary Approval Order Entered |
| | Notice Sent (45 days after entry of Preliminary Approval Order) |
| | Deadline to Submit Claims, Send Exclusion or File Objection (60 days after Notice Deadline) |
| | Motion for Final Approval and Attorney Fees Papers Filed (at least 30 days prior to Final Approval Hearing) |
| | Final Approval Hearing Held (at least 30 days after entry of Deadline to Submit Claims, Send Exclusion or File Objection) |

IT IS SO ORDERED.

Dated: _____, 2017.    _____

The Honorable Robin L. Rosenberg
United States District Court Judge

**EXHIBIT 5**

**WEBSITE NOTICE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO.: 9:17-cv-80393-ROSENBERG/HOPKINS

—————————————————— x
                                          :
CHARLES T. JOHNSON, on behalf of himself  :
and others similarly situated,            :
                                          :
                          Plaintiff,      :
                                          :
            vs.                           :
                                          :
NPAS SOLUTIONS, LLC,                      :
                                          :
                          Defendant.      :
                                          :
—————————————————— x


**WEBSITE Q & A NOTICE**

1

**This is a notice of a settlement of a class action lawsuit.**
**This is <u>not</u> a notice of a lawsuit against you.**

**If you received any telephone calls from NPAS Solutions, LLC ("NPAS Solutions") that were directed to a number that was assigned to a cellular telephone service, via an automatic telephone dialing system, between March 28, 2013 through and including [Preliminary Approval Date], and that were wrong number calls – in that the subscriber or customary user of the phone number called was different from the party that NPAS Solutions was trying to reach, you may be entitled to compensation as a result of the settlement in the class action lawsuit captioned:**

*Charles T. Johnson v. NPAS Solutions, LLC*, No. 9:17-cv-80393 (S.D. Fla.)

**A federal court authorized this notice.**
**This is <u>not</u> a solicitation from a lawyer.**

**Please read this notice carefully.**
**It explains your rights and options to participate in a class action settlement.**

**What are your legal rights and options?**

| | |
|---|---|
| **SUBMIT A TIMELY CLAIM FORM:** | If you submit a timely claim form you will receive a proportionate share of the $1.432 million settlement fund after expenses are deducted, and you will release claims you may have against NPAS Solutions related to this case. |
| **DO NOTHING:** | If you do nothing, you will <u>not</u> receive a share of the settlement fund, but you will release claims you may have against NPAS Solutions related to this case. |
| **EXCLUDE YOURSELF:** | If you exclude yourself from the settlement, you will <u>not</u> receive a share of the settlement fund, and you will <u>not</u> release any claims you have against NPAS Solutions. |
| **OBJECT:** | You may object to the settlement. |

**Why is this notice available?**

This is a notice of a proposed settlement in a class action lawsuit. The settlement would resolve the lawsuit Charles T. Johnson filed against NPAS Solutions, LLC ("NPAS Solutions"). Please read this notice carefully. It explains the lawsuit, the settlement, and your legal rights, including the process for receiving a settlement check, excluding yourself from the settlement, or objecting to the settlement.

### What is this lawsuit about?

Mr. Johnson filed this lawsuit against NPAS Solutions, alleging that NPAS Solutions violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, when calling consumers on their cellular telephones, via an automatic telephone dialing system, at wrong numbers – in that that the subscriber to the phone number called was different from the party that NPAS Solutions was trying to reach. NPAS Solutions denies the allegations.  The parties have agreed to a settlement.

### Why is this a class action?

In a class action, one or more people called "class representatives" file a lawsuit on behalf of people who have similar claims. All of these people together are a "class" or "class members." The Court accordingly resolves claims for all class members, except for those who exclude themselves from the class.

### Why is there a settlement?

Mr. Johnson, on the one hand, and NPAS Solutions, on the other, have agreed to settle the lawsuit to avoid the time, risk, and expense associated with it, and to achieve a final resolution of the disputed claims. Under the settlement, class members will obtain a payment in settlement of the claims that Mr. Johnson raised in the lawsuit. Mr. Johnson and his attorneys think the settlement is best for all class members.

### How do you know if your claims are included in the settlement?

This settlement resolves claims on behalf of the following class:

All persons in the United States who (a) received calls from NPAS Solutions, LLC between March 28, 2013 and [Preliminary Approval] that (b) were directed to a phone number assigned to a cellular telephone service, (c) for which NPAS Solutions' records contain a "WN" designation, and (d) were placed using an automatic telephone dialing system.

NPAS Solutions has identified 179,642 unique cellular telephone numbers that fall within the class definition.

### What does the settlement provide?

NPAS Solutions will establish a settlement fund in the amount of $1,432,000.00. Out of the settlement fund, NPAS Solutions will pay:

a.      Settlement compensation to the class members;

b.      The costs and expenses of administrating the class action settlement;

c.      An award of attorneys' fees, subject to the Court's approval;

      d.      Costs and expenses incurred litigating this matter, subject to the Court's approval; and

      e.      An incentive award to Mr. Johnson, subject to the Court's approval.

Each class member who submits a timely and valid claim form will be entitled, subject to the provisions of the settlement agreement, to his or her equal share of the settlement fund as it exists after deducting:

      a.      Costs and expenses of administrating the class action settlement, which will not exceed $275,000;

      b.      Attorneys' fees in an amount not to exceed 30 percent of the settlement fund, subject to the Court's approval;

      c.      Costs and expenses not to exceed $6,000, subject to the Court's approval; and

      d.      An incentive awards for Mr. Johnson, not to exceed $6,000, subject to the Court's approval.

### How can you get a payment?

You must mail a valid claim form to the Johnson v. NPAS Solutions Settlement Administrator, P.O. Box 404042, Louisville, KY 40233-4042 postmarked by [date], 2018. Or you must submit a valid claim through www.JohnsonNPASSolutionsSettlement.com or by calling 866-650-4059 by [date], 2018.

### When will you be paid?

If the Court grants final approval of the settlement, settlement checks will be mailed to class members who timely mailed or submitted valid claim forms no later than 45 days after the judgment in the lawsuit becomes final. If there is an appeal of the settlement, payment may be delayed.

### What rights are you giving up in this settlement?

Unless you exclude yourself from the settlement, you will be considered a member of the class, which means you give up your right to sue or continue a lawsuit against NPAS Solutions over the released claims. Giving up your legal claims is called a release. Unless you formally exclude yourself from the settlement, you will release your claims against NPAS Solutions.

For more information on the release, released parties, and released claims, you may obtain a copy of the class action settlement agreement from the Clerk of the United States District Court for the Southern District of Florida, or on the settlement website, www.JohnsonNPASSolutionsSettlement.com.

**How can you exclude yourself from the settlement?**

You may exclude yourself from the settlement, in which case you will <u>not</u> receive a payment. If you wish to exclude yourself from the settlement, you must mail a written request for exclusion to the claims administrator, at the addresses set forth below, postmarked by [**date**], **2018**. You must include in your request for exclusion your:

        a.     Full name;

        b.     Address;

        c.     Telephone number called by NPAS Solutions demonstrating that you are a member of the Class; and

        d.     A clear and unambiguous statement that you wish to be excluded from the settlement, such as "I request to be excluded from the settlement in the Johnson v. NPAS Solutions action."

You must sign the request personally. If any person signs on your behalf, that person must attach a copy of the power of attorney authorizing that signature.

**When and where will the Court decide whether to approve the settlement?**

The Court will hold a final fairness hearing on [**date**], at [**time**]. The hearing will take place in the United States District Court for the Southern District of Florida, Paul G. Rogers Federal Building and Courthouse, 701 Clematis Street, Courtroom 2, West Palm Beach, FL 33401. At the final fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and, if so, whether final approval of the settlement should be granted. The Court will hear objections to the settlement, if any. The Court may make a decision at that time, postpone a decision, or continue the hearing.

**Do you have to attend the hearing?**

No. You are not required to attend the hearing. But you are welcome to attend the hearing at your own expense. You cannot speak at the hearing if you have excluded yourself from the class settlement. Once you have excluded yourself, the class settlement does not affect your legal rights.

**What if you want to object to the settlement?**

If you do not exclude yourself from the settlement, you can object to the settlement if you do not believe it is fair, reasonable, and adequate. If you wish to object, you must mail a written notice of objection, postmarked by [**date**], **2018**, to class counsel, NPAS Solutions' attorneys, and to the Court, at the following addresses:

| Class Counsel: | Defendant's Counsel: | Court: |
|---|---|---|
| Michael L. Greenwald | Maura K. Monaghan | U.S. District Court for the |
| Greenwald Davidson Radbil | Debevoise & Plimpton LLP | Southern District of Florida |
| PLLC | 919 Third Ave. | Paul G. Rogers Federal |
| 5550 Glades Rd., Suite 500 | New York, NY 10022 | Building and Courthouse |
| Boca Raton, FL 33431 | | 701 Clematis Street |
| | | West Palm Beach, FL 33401 |

You must include in your objection your:

      a.    Full name;

      b.    Address;

      c.    Telephone number called by NPAS Solutions to demonstrate that you are a member of the Settlement Class;

      d.    A statement of the specific objection(s);

      e.    The grounds for the objection(s);

      f.    Identification of any documents to show that you are a member of the Settlement Class or which you desire the Court to consider; and

      g.    A statement noting whether you intend to appear at the fairness hearing.

## By when must you enter an appearance?

Any class member who objects to the settlement and wishes to enter an appearance must do so by **[date], 2018**. To enter an appearance, you must file with the Clerk of the Court a written notice of your appearance and you must serve a copy of that notice, by U.S. mail or hand-delivery, upon class counsel and NPAS Solutions' attorneys, at the addresses set forth below.

## What if you do nothing?

If you do nothing and the Court approves the settlement agreement, you will not receive a share of the settlement fund, but you will release any claim you have against NPAS Solutions related to the allegations in this case. Unless you exclude yourself from the settlement, you will not be able to sue or continue a lawsuit against NPAS Solutions over the released claims.

## What will happen if the Court does not approve the settlement?

If the Court does not finally approve the settlement or if it finally approves the settlement and the approval is reversed on appeal, or if the settlement does not become final for some other reason, you will receive no benefits and the lawsuit will continue.

6

### Who are Mr. Johnson's attorneys?

Mr. Johnson's attorneys are:

> Michael L. Greenwald
> James L. Davidson
> Greenwald Davidson Radbil PLLC
> 5550 Glades Rd., Suite 500
> Boca Raton, FL 33431

> Aaron D. Radbil
> Greenwald Davidson Radbil PLLC
> 106 E. 6th Street, Suite 913
> Austin, TX 78701

The Court has appointed Mr. Johnson's attorneys to act as class counsel. You do not have to pay class counsel. If you want to be represented by your own lawyer, and have that lawyer appear in Court for you in this case, you must hire one at your own expense.

### Who are NPAS Solutions' attorneys?

NPAS Solutions' attorneys are:

> Maura K. Monaghan
> Jacob W. Stahl
> Debevoise & Plimpton LLP
> 919 Third Ave.
> New York, NY 10022

> Martin B. Goldberg
> Alan D. Lash
> Lorelei J. Van Wey
> Michael L. Ehren
> Lash & Goldberg LLP
> 100 Southeast 2nd Street, Suite 1200
> Miami, FL 33131

### Before what Court is this matter pending?

Mr. Johnson filed his class action lawsuit in the following Court:

> United States District Court for the Southern District of Florida
> Paul G. Rogers Federal Building and Courthouse
> 701 Clematis Street
> West Palm Beach, FL 33401

### Where can you get additional information?

This notice is only a summary of the settlement. All documents filed with the Court, including the full class action settlement agreement, may be reviewed or copied at the United States District Court for the Southern District of Florida. In addition, pertinent case materials, including the settlement agreement, are available at the settlement web site, **www.JohnsonNPASSolutionsSettlement.com**.

If you would like additional information about this matter, please contact:

**Johnson v. NPAS Solutions Settlement Administrator**
**P.O. Box 404042**
**Louisville, KY 40233-4042**

**Telephone: 866-650-4059**

Please do not call the Judge about this case. Neither the judge, nor the Clerk of Court, will be able to give you advice about this case. Furthermore, neither NPAS Solutions nor NPAS Solutions' attorneys represent you, and they cannot give you legal advice.