UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO.: 9:17-cv-80393-ROSENBERG/HOPKINS

————————————————————— x
                                              :
CHARLES T. JOHNSON, on behalf of himself :
and others similarly situated,                :
                                              :
                          Plaintiff,          :
                                              :
            vs.                               :
                                              :
NPAS SOLUTIONS, LLC,                          :
                                              :
                          Defendant.          :
                                              :
————————————————————— x

## ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT

The Court has been advised that the parties to this action, Charles T. Johnson ("Plaintiff"

or "Class Representative"), and NPAS Solutions, LLC ("NPAS Solutions"), through their

respective counsel, have agreed, subject to Court approval following notice to the class members

and a hearing, to settle the above-captioned lawsuit upon the terms and conditions set forth in

their written settlement agreement (the "Settlement Agreement"), which has been filed with the

Court, and the Court deeming that the definitions set forth in the Settlement Agreement are

hereby incorporated by reference herein;

NOW, THEREFORE, based upon the Settlement Agreement and all of the files, records,

and proceedings herein, and it appearing to the Court that, upon preliminary examination, the

proposed settlement appears fair, reasonable, and adequate, and that a hearing should and will be

held on **May 7, 2018, at 11:00 a.m.,** after notice to the class members, to confirm that the

proposed settlement is fair, reasonable, and adequate, and to determine whether a final order and

judgment should be entered in this lawsuit:

IT IS HEREBY ORDERED:

The Court has jurisdiction over the subject matter of the action and over all settling parties hereto.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, Defendant is directed to cause written notice of the proposed class settlement to be served as directed.

Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, this action is preliminarily certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (referred to as the "class members") with respect to the claims asserted in this action:

> All persons in the United States who (a) received calls from NPAS Solutions, LLC between March 28, 2013 and the date of this order that (b) were directed to a phone number assigned to a cellular telephone service, (c) for which NPAS Solutions' records contain a "WN" designation, and (d) were placed using an automatic telephone dialing system.

Defendant has identified 179,642 unique cellular telephone numbers that fall within the class definition.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily appoints Charles T. Johnson as the Class Representative and Greenwald Davidson Radbil PLLC as Class Counsel.

The Court preliminarily finds that this action satisfies the applicable prerequisites for class action treatment under Rule 23, namely:

A.    The class members are so numerous and geographically dispersed that joinder of all of them is impracticable;

B.    There are questions of law and fact common to the class members, which predominate over any individual questions;

C.    Plaintiff's claims are typical of the claims of the class members;

D.    Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the class members; and

E.    Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

The Court preliminarily finds that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the class members, when considering, in their totality, the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of Plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and the substance and amount of opposition to the settlement. *See Leverso v. SouthTrust Bank of AL., N.A.*, 18 F.3d 1527, 1530 (11th Cir. 1994).

A third party class administrator acceptable to the parties will administer the settlement and notification to class members. The class administrator will be responsible for mailing the approved class action notice and settlement checks to the class members who can be identified through reasonable efforts. All costs of administration will be paid out of the Settlement Fund. Upon the recommendation of the parties, the Court hereby appoints the following class administrator: KCC LLC, P.O. Box 6191, Novato, CA 94948.

The Court approves the form and substance of the postcard notice, claim form, and Question & Answer Notice, which are attached as exhibits to the Settlement Agreement. The

proposed form and method for notifying the class members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice plan is clearly designed to advise the class members of their rights. In accordance with the Settlement Agreement, the class administrator will cause the postcard notice to be mailed to the class members as expeditiously as possible, but in no event later than 45 days after the Court's entry of this order, *i.e.*, **no later than January 18, 2018**. The class administrator will confirm, and if necessary, update the addresses for the class members through a standard methodology that the class administrator uses to update addresses. In addition, the Question & Answer Notice, and relevant pleadings, will be made available to class members through a dedicated website.

Any class member who desires to be excluded from the class must send a written request for exclusion to the class administrator with a postmark date no later than 60 days after the Notice Deadline (105 days after the Court's entry of this order), *i.e.*, **no later than March 19, 2018**. To be effective, the written request for exclusion must state the class member's full name, address, and telephone number, along with a statement that the class member wishes to be excluded, and must be signed by the class member.  Any class member who submits a valid and timely request for exclusion will not be bound by the terms of the Settlement Agreement.

Any class member who intends to object to the fairness of this settlement must file a written objection with the Court within 60 days after the Notice Deadline (105 days after the Court's entry of this order), *i.e.*, **no later than March 19*, 2018**. Further, any such class member must, within the same time period, provide a copy of the written objection to Class Counsel, Attention: Michael L. Greenwald, Greenwald Davidson Radbil PLLC, 5550 Glades Road, Suite

4

500, Boca Raton, FL 33431; and to Counsel for Defendant, Attention: Maura K. Monaghan, Debevoise & Plimpton LLP, 919 Third Ave., New York, NY 10022

To be effective, a notice of intent to object to the proposed settlement must:

A.      Contain a heading which includes the name of the case and case number;

B.      Provide the name, address, telephone number and signature of the class member filing the objection;

C.      Attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member, including providing the cellular telephone number called by NPAS Solutions;

D.      Be sent to Class Counsel and counsel for Defendant at the addresses above by first-class mail, postmarked no later than 105 days after the Court preliminarily approves the settlement;

E.      Be filed with the Clerk of the Court no later than 105 days after the Court preliminarily approves the settlement;

F.      Contain the name, address, bar number and telephone number of the objecting class member's counsel, if represented by an attorney. If the class member is represented by an attorney, he/she must comply with all applicable laws and rules for filing pleadings and documents in the U.S. District Court for the Southern District of Florida;

G.      Include a statement of such Settlement Class Member's specific objections; and

H.      State the grounds for objection, as well as identify any documents which such objector desires the Court to consider.

Any class member who has timely filed an objection may appear at the settlement approval hearing, in person or by counsel, and be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the proposed settlement, and on the application for an award of attorneys' fees, costs, and expenses. The right to object to the proposed settlement must be exercised individually by an individual class member, not as a member of a group or subclass and, except in the case of a deceased, minor, or incapacitated class member, not by the act of another person acting or purporting to act in a representative capacity.

The Court orders that any member of the Settlement Class who does not submit a timely, written request for exclusion from the Settlement Class (*i.e.*, becomes an Opt-Out) will be bound by all proceedings, orders and judgments in this litigation, even if such member of the Settlement Class has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Settlement Agreement release.

The class administrator will mail a settlement check to each class member who submits a timely, valid claim form and does not exclude himself or herself from the class. The settlement checks to the class members shall be sent via U.S. mail no later than 45 days after the judgment in this case becomes final.

Charles T. Johnson may petition the Court to receive an amount not to exceed $6,000 as acknowledgement of his role in prosecuting this case on behalf of the class members.

Pending determination of whether final approval of the Settlement Agreement should be granted, the Court enjoins Plaintiff and all members of the Settlement Class unless and until they have timely excluded themselves from (a) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit, arbitration or other

proceeding against Defendant in any jurisdiction based on the Released Claims, (b) filing, commencing or prosecuting a lawsuit, arbitration or other proceeding against Defendant as a class action on behalf of any members of the Settlement Class who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims and (c) attempting to effect Opt Outs of a class of individuals in any lawsuit or arbitration proceeding against Defendant based on the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency.

The Court will conduct a hearing (the "Final Approval Hearing") on **May 7, 2018, at 11:00 a.m.,** at the United States District Court for the Southern District of Florida, Paul G. Rogers Federal Building and Courthouse, 701 Clematis Street, Courtroom 2, West Palm Beach, FL 33401, to review and rule upon the following issues:

A.      Whether this action satisfies the applicable requirements for class action treatment for settlement purposes under Rule 23;

B.      Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the class members and should be approved by the Court;

C.      Whether the final order and judgment, as provided under the Settlement Agreement, should be entered, dismissing this action with prejudice and releasing the Released Claims against the Released Parties; and

D.      To discuss and review other issues as the Court deems appropriate.

Attendance at the Final Approval Hearing is not necessary.  Class members need not appear at the hearing or take any other action to indicate their approval of the proposed class

action settlement. Class members wishing to be heard are, however, required to appear at the Final Approval Hearing. The Final Approval Hearing may be postponed, adjourned, transferred, or continued without further notice to class members.

Submissions by the Parties, including memoranda in support of the proposed settlement, responses to any objections, petitions for attorneys' fees and reimbursement of costs and expenses by Class Counsel, shall be filed with the Court no later than 30 days prior to the Final Approval Hearing, *i.e.*, **no later than April 6, 2018**.

The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

The Court sets the following schedule:

| Date | Event |
|---|---|
| 12/4/17 | Preliminary Approval Order Entered |
| 1/18/18 | Notice Sent (45 days after entry of Preliminary Approval Order) |
| 3/19/18 | Deadline to Submit Claims, Send Exclusion or File Objection (60 days after Notice Deadline) |
| 4/6/18 | Motion for Final Approval and Attorney Fees Papers Filed (at least 30 days prior to Final Approval Hearing) |
| 5/7/18 at 11:00 am | Final Approval Hearing Held (at least 30 days after entry of Deadline to Submit Claims, Send Exclusion or File Objection) |

**DONE AND ORDERED** in Chambers in Fort Pierce, Florida this 4th day of December, 2017.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: All counsel of record via CM/ECF