UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO.: 9:17-cv-80393-ROSENBERG/HOPKINS

CHARLES T. JOHNSON, on behalf of himself
and others similarly situated,

                Plaintiff,

vs.

NPAS SOLUTIONS, LLC,

                Defendant.

## FINAL ORDER AND JUDGMENT

On March 28, 2017, Charles T. Johnson ("Plaintiff") filed a class action complaint (hereinafter referred to as the "Lawsuit") against NPAS Solutions, LLC ("NPAS Solutions") in the United States District Court for the Southern District of Florida, Case No. 9:17-cv-80393, asserting class claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*.

NPAS Solutions has denied any and all liability alleged in the Lawsuit.

On November 28, 2017, after appropriate arms-length negotiations, Plaintiff and NPAS Solutions (the "Parties") entered into a written settlement agreement (the "Settlement Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On November 29, 2017, Plaintiff filed the Settlement Agreement, along with his Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, NPAS Solutions caused written notice of the proposed class settlement as directed.

On December 4, 2017, upon consideration of Plaintiff's Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Charles T. Johnson as the Class Representative; (iv) appointed Greenwald Davidson Radbil PLLC as Class Counsel; and (v) set the date and time of the Settlement Approval Hearing.

On April 6, 2018, Plaintiff filed his Unopposed Motion for Final Approval of Class Action Settlement (the "Final Approval Motion").

On May 7, 2018, this Court held a Final Approval Hearing pursuant to Fed. R. Civ. P. 23 to determine whether the Settlement Class satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

Plaintiff now requests final certification of the settlement class under Fed. R. Civ. P. 23 (b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Settlement Agreement, Motion for Final Approval, and record. All capitalized terms used herein have the meanings defined herein and in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby certified, for settlement purposes only, as a class action on behalf of the following Class Members with respect to the claims asserted in the Lawsuit:

> All persons in the United States who (a) received calls from NPAS Solutions, LLC between March 28, 2013 and [preliminary approval] that (b) were directed to a phone number assigned to a cellular telephone service, (c) for which NPAS Solutions' records contain a "WN" designation, and (d) were placed using an automatic telephone dialing system.

NPAS Solutions LLC has identified 179,642 unique cellular telephone numbers that fall within the class definition.

Pursuant to Fed. R. Civ. P. 23, the Court certifies Plaintiff Charles T. Johnson as the Class Representative and Michael L. Greenwald, James L. Davidson, and Aaron D. Radbil of Greenwald Davidson Radbil PLLC as Class Counsel.

Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed. The form and method for notifying the Class Members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice was clearly designed to advise Class Members of their rights.

The Court finds that the Settlement Class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A.  The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

3

    B.    There are questions of law and fact common to the Class Members, which predominate over any individual questions;

    C.    Plaintiff's claims are typical of the claims of the Class Members;

    D.    Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all Class Members; and

    E.    Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

The Court finds that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the class members, when considering, in their totality, the following factors: (1) the absence of any fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the Plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and the substance and amount of opposition to the settlement. *See Leverso v. SouthTrust Bank of AL., N.A.*, 18 F.3d 1527, 1530 (11th Cir. 1994).

The Settlement Agreement, which is deemed incorporated herein, is finally approved and must be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Settlement Agreement include, but are not limited to, the following:

  A. <u>Settlement Fund</u> – Defendant will establish a $1,432,000.00 Settlement Fund (the "Settlement Fund").

  B. <u>Deductions</u> - The following are to be deducted from the Settlement Fund before any other distributions are made:

   a. The costs and expenses for the administration of the settlement and class notice, including expenses necessary to identify class members;

   b. Plaintiff's attorneys' fees, in the amount of 30 percent of the Settlement Fund, and the reimbursement of Class Counsel's litigation costs and expenses, in the amount of $3,475.52; and

   c. The Incentive Payment to Plaintiff. Charles T. Johnson will receive $6,000 as acknowledgment of his role in prosecuting this case on behalf of the Class Members.

  C. <u>Settlement Payment to Class Members</u> - Each Class Member who has submitted a valid and timely claim form will receive compensation as set forth in the Settlement Agreement. Each settlement check will be void one-hundred twenty (120) days after issuance.

The Class Members were given an opportunity to object to the settlement. One Class Members objected to the settlement. The objection of Jenna Dickenson is OVERRULED.

No Class Members made a valid and timely request for exclusion.

This Order is binding on all Class Members.

Plaintiff, Settlement Class Members, and their successors and assigns are permanently barred from pursuing, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Settlement Agreement. Pursuant to the release contained in the Settlement Agreement, the Released Claims are compromised, settled, released, and discharged, by virtue of these proceedings and this order.

This Final Order and Judgment bars and permanently enjoins Plaintiff and all members of the Settlement Class from (a) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit, arbitration or individual or class action proceeding in any jurisdiction (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), relating to the Released Claims, and (b) attempting to effect Opt Outs of a class of individuals in any lawsuit or arbitration proceeding based on the Released Claims, except that Settlement Class Members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this class action settlement.

The Lawsuit is hereby dismissed with prejudice in all respects.

This Order, the Settlement Agreement, and any and all negotiations, statements, documents, and/or proceedings in connection with this Settlement are not, and shall not be construed as, an admission by NPAS Solutions of any liability or wrongdoing in this or in any other proceeding.

The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, including the award of attorneys' fees, costs, disbursements, and expenses to Class Counsel.

Class Counsel's request for an award of attorneys' fees of 30 percent of the Settlement Fund is approved.

Class Counsel's request for reimbursement of reasonable litigation costs and expenses in the amount of $3,475.52 is approved.

Plaintiff's request for an incentive award of $6,000.00 is approved.

Accordingly, Plaintiff's Motion for Final Approval of Class Action Settlement [43] and Class Counsel's Motion for Attorneys' Fees, Costs, Expenses, And An Incentive Award [44] are **GRANTED**. This case shall **REMAIN CLOSED**.

**DONE and ORDERED** in Chambers at West Palm Beach, Florida, this 7th day of May, 2018.

                                              ROBIN L. ROSENBERG
                                              UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record