UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CV-80393-ROSENBERG

CHARLES T. JOHNSON, on behalf of
himself and others similarly situated,

    Plaintiff,

v.

NPAS SOLUTIONS, LLC,

    Defendant.
_____/

**ORDER GRANTING MOTION TO
APPOINT LEAD PLAINTIFF CHARLES S. FISHMAN**

**THIS CAUSE** is before the Court upon the Motion to Appoint Charles S. Fishman as Class Representative. DE 86. Class member Jenna Dickenson filed an evidentiary objection and opposition to the Motion. DE 87. Mr. Fishman filed a reply. DE 88. The Court has reviewed the Motion, the Objection, the Reply, and the record and is otherwise informed in the premises. For the reasons below, the Court **GRANTS** the Motion.

**I.    Brief Background**

This Telephone Consumer Protection Act ("TCPA") class action was filed in March of 2017. When the parties reached a settlement agreement, the Court held a fairness hearing in which the Court heard argument on Class Counsel's Motion for Attorneys' Fees, Costs, Expenses, and an Incentive Award, DE 44, and Motion for Final Approval of Class Action Settlement, DE 43. Ms. Dickenson objected to both Motions. On May 7, 2018, the Court docketed its final order and judgment approving the Class Settlement Agreement. DE 53. Ms. Dickenson then appealed the Court's order approving the settlement. On appeal, the Eleventh Circuit reversed in part and remanded in part for the Court to explain its fee award to class counsel, its approval of the

settlement, and its denial of Ms. Dickenson's objections. DE 61.  After a brief stay, in which both Mr. Johnson and Ms. Dickenson unsuccessfully sought writs of certiorari to the United States Supreme Court, the Court further explained its decisions and transmitted the case to the Eleventh Circuit. DE 77.

While on appeal, Class Counsel notified the Eleventh Circuit that Mr. Johnson had died, and class member Charles Fishman sought appointment as class representative to defend the class settlement. DE 86 at 1.  The Eleventh Circuit remanded on a limited basis for this Court to consider the matter of substituting a new class representative. DE 84 at 3.

**II.     Mr. Fishman's Motion to Appoint Himself as Class Representative is Sufficient.**

A prospective class representative must have standing to raise each class subclaim, or as described by the U.S. Supreme Court, "must be part of the class and possess the same interest and suffer the same injury as the class members." *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982)).  He must also prove his ability to "fairly and adequately protect the interests of the class." *Sosna v. Iowa*, 419 U.S. 393, 403 (1975) (citing Fed. R. Civ. P. Rule 23(a)).[1]  This requirement "encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003) (quoting *In re HealthSouth Corp. Sec. Litig.*, 213 F.R.D. 447, 460–461 (N.D. Ala. 2003)).  As to the latter inquiry, courts consider "whether plaintiffs' counsel are qualified, experienced, and generally able to conduct the proposed litigation." *Griffin v. Carlin*, 755 F.2d 1516, 1533 (11th Cir. 1985).

---

[1] The Court certified the class in this TCPA action on May 7, 2018, at docket entry 53.  Since the task is to appoint a new class representative and not an inquiry into certification of the class, the Court only considers the relevant Fed. R. Civ. P. Rule 23(a) requirements.

A prospective class representative has "a burden of proof, not a burden of pleading" to demonstrate Rule 23 requirements are satisfied. *Brown v. Electrolux Home Prods., Inc.*, 817 F.3d 1225, 1234 (11th Cir. 2016). In analyzing a prospective class representative's motion, a court does not accept as true the movant's allegations, does not draw inferences in his favor, or consider evidence in the light most favorable to him. *Id.* at 1233. However, an affidavit is sufficient to prove Rule 23's requirements. *See Fishon v. Premier Nutrition Corp.*, No. 16-CV-06980-RS, 2022 WL 958378, at *4 (N.D. Cal. Mar. 30, 2022) ("A declaration from a proposed class representative may be sufficient to demonstrate adherence with the Rule 23 requirements, and other courts when substituting in a new plaintiff following class certification have assessed a proposed class representative's qualifications to lead the class based on declarations."); *Georgia Advoc. Off. v. Jackson*, No. 1:19-CV-1634-WMR-JFK, 2020 WL 1883879, at *3 (N.D. Ga. Jan. 7, 2020) (crediting the prospective class representatives' declarations as "factual and evidentiary support" in granting the motion to substitute named class representatives).

Mr. Fishman's affidavit satisfies his burden to be appointed class representative in the place of Mr. Johnson. Mr. Fishman avers that he is a member of the settlement class, having received calls from Defendant on his cell phone and submitting an approved claim in early 2018. DE 86-1 at 1. This means he has the same injury as the other class members, satisfying the *General Telephone Co. of Southwest v. Falcon* standing requirement for class representatives. 457 U.S. 147, 156 (1982). Mr. Fishman also avers that he has no conflicts of interest at all, DE 86-1 at 1, let alone any substantial conflicts of interest that would bar him from representative capacity. He stands ready to represent the settlement class in this last phase, including "mak[ing] sure the settlement is complied with and that class members see the money they are owed." *Id.* at 2. And he has retained Class Counsel to represent him. *Id.* The Court is persuaded that Mr. Fishman will

adequately represent the interests of the class.  The Court will next analyze whether Ms. Dickenson has standing to object to Mr. Fishman's appointment and, if so, whether her objections have merit.

### III. Ms. Dickenson Has Standing to Object to Mr. Fishman's Appointment.

The Court begins its analysis of Ms. Dickenson's objections by analyzing whether Ms. Dickenson has standing to challenge the appointment of Mr. Fishman.  Ms. Dickenson did not address whether she has standing to file objections, but Class Counsel argues that she does not.  *See* DE 88.  Class Counsel contends that because Ms. Dickenson did not object to the initial certification of the class or the appointment of Mr. Johnson, she cannot now object to Mr. Fishman's petition to lead the class. *Id.* at 3.  Both cases cited by Class Counsel center on challenges to a lead plaintiff's adequacy after, and not before, the lead plaintiff was appointed. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 251–52 (3d Cir. 2001); *Joel A. v. Giuliani*, 218 F.3d 132, 140 (2d Cir. 2000).

Standing requires three elements. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  First, a plaintiff must have suffered an "an invasion of a legally protected interest which is . . . concrete and particularized" as well as "actual or imminent, not conjectural or hypothetical." *Id.* (internal citations omitted).  Second, "the injury has to be 'fairly . . . trace[able] to the challenged action of'" a party before the court. *Id.* at 560–61 (quoting *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 41–42 (1976)).  Third, a favorable decision by the court will likely redress the injury. *Id.* at 561.

The Eleventh Circuit has stated that "an objector's status as a member of the class who is bound by the district court's judgment is itself enough to provide him or her with standing to appeal the district court's approval of a class-wide settlement over his or her objection." *Williams v. Reckitt Benckiser LLC*, 65 F.4th 1243, 1252 (11th Cir. 2023) (discussing the holding in *Devlin v. Scardelletti*, 536 U.S. 1, 6-7 (2002)).  In *Williams,* the Eleventh Circuit found a concrete injury in

4

the district court's approval of a settlement over the objection of an unnamed class member who, pursuant to the settlement agreement, would be precluded from seeking other forms of relief. *Id.* at 1252. The Eleventh Circuit traced the injury to the approval of the settlement agreement and found that a favorable decision would "obviously provide" the objector relief. *Id.*

Ms. Dickenson did not brief her standing to bring objections. The court's understanding is that Ms. Dickenson is a member of the class that Mr. Fishman seeks to lead. DE 87. Since the representative, along with Class Counsel, makes key decisions on behalf of the class, Ms. Dickenson will suffer a concrete injury by being represented by someone who is unqualified to serve as lead plaintiff. A favorable resolution of the objection would provide Ms. Dickenson with relief. Ms. Dickenson thus has standing to object to Mr. Fishman's appointment.

**IV.     Ms. Dickenson's Objections are Unpersuasive, and the Court Overrules Them.**

Ms. Dickenson urges the Court to deny Mr. Fishman's motion for two reasons, the potential that Class Counsel was operating for a long time without Mr. Johnson's consent due to his death and the potential risk to the case's resolution from Mr. Fishman's prior bankruptcies.

First, Ms. Dickenson argues that Class Counsel are not adequate to continue representing the class because they failed to properly document Mr. Johnson's death, including the date of his death. DE 87 at 3–5 ("The question is . . . whether Class Counsel have shown themselves adequate to continue representing the class under Rule 23."). Ms. Dickenson ties Mr. Fishman into this attack against Class Counsel, by stating that he cannot adequately protect the interests of the class. DE 87 at 5. Specifically, Ms. Dickenson argues that Mr. Fishman has not demonstrated by a preponderance of the evidence that "he is familiar with his responsibilities as lead plaintiff." *Id.* at 5–6.[2] Ms. Dickenson identifies the exact information she needs to be persuaded to support Mr.

---

[2] The Court rejects Ms. Dickenson implication that an affidavit is insufficient to establish Rule 23(a) requirements.

5

Fishman's ability to be lead plaintiff: an "explan[ation] [of] how long this case has been proceeding with no lead plaintiff at the helm." *Id.* at 6.

The Court is unpersuaded by the argument linking the timing of Mr. Johnson's death with the adequacy of Mr. Fishman to serve as class representative. Class Counsel's Notice at docket entry 90 addresses the timeline of Class Counsel's representation of Mr. Johnson. The Court finds that the delay between Mr. Johnson's death and Class Counsel's notice of Mr. Johnson's death was excusable, as explained in Class Counsel's Notice. Class Counsel was adequate in 2018, and Class Counsel remains adequate today.

In a footnote, Ms. Dickenson raises her second overall argument as to Mr. Fishman's adequacy based on his three bankruptcy filings from 2008 to 2014; she argues, without legal support, that there would be a risk of delay in the proceedings if Mr. Fishman files for bankruptcy again. DE 87 at 6 n.1. Class Counsel, in response, relies upon two cases in which courts disregarded challenges to class representation based on bankruptcy filings alone without further explanations as to why the prospective class representative was untrustworthy or would be prevented from vigorously prosecuting a class's claims. *See Rodriguez v. Cascade Collections LLC*, 532 F. Supp. 3d 1099, 1121 (D. Utah 2021) (disregarding an accusation that a prospective lead plaintiff's ten bankruptcy filings would prevent him from vigorously prosecuting a Fair Debt Collection Practices Act class action); *Lozada v. Dale Baker Oldsmobile, Inc.*, 197 F.R.D. 321, 331 (W.D. Mich. 2000) (noting that "having a poor credit history may occur for many reasons and constitutes far too slender a reed to support the broad conclusion that plaintiff Lozada is untrustworthy."). Likewise, the Court does not find that the three prior bankruptcy filings—which are ten or more years old—render Mr. Fishman inadequate to represent the class. Therefore, the Court overrules Ms. Dickenson's objections.

Therefore, it is hereby **ORDERED AND ADJUDGED**:

1. Charles S. Fishman's Motion to Appoint himself as class representative, DE 86, is **GRANTED**.

2. The Clerk of the Court shall retransmit the record to the Eleventh Circuit Court of Appeals.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 20th day of February, 2024.

                                                ROBIN L. ROSENBERG
                                                UNITED STATES DISTRICT JUDGE

Copies furnished to all counsel of record.