## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### 17-CV-80393-ROSENBERG

CHARLES S. FISHMAN, on behalf
of himself and others similarly
situated,

    Plaintiffs,

vs.

NPAS SOLUTIONS, LLC,

    Defendant.

_____/

### <u>ORDER ON REMAND</u>

    This matter is before the Court on the appellate court's mandate and order of remand, dated November 5, 2024. DE 94.  For the reasons set forth below, the Court approves class counsels' requested fees for the third time.  Because this case is very old—over three thousand days old— the Court has expedited its entry of this Order by quoting in large part its prior order approving attorneys' fees because the applicable legal standard, the Court's analysis, and the Court's conclusions remain the same.

    To briefly provide context for the current Order, this Court previously granted class counsels' request for attorneys' fees on various grounds. DE 53.  The Eleventh Circuit reversed that decision in part, finding that one of the grounds upon which the Court granted fees (the time and labor expended by class counsel) did not have adequate support in the record. DE 94 at 9. Because of that lack of record support, the Eleventh Circuit ruled as follows:

> [W]e vacate the part of its order granting the requested attorneys' fees, and we remand for further proceedings consistent with this opinion.

> VACATED in part and REMANDED.

*Id.*

      After remand, this Court entered an order requiring the parties to provide the Court with a proposed schedule for briefing the legal questions now at issue. DE 95.  The parties (without objection) provided the Court with a proposed briefing schedule, and the Court adopted the schedule. DE 96, DE 97.  The Court granted the Plaintiffs' request to provide the class with notice of the requested fees, together with counsels' newly provided evidence in support of the same. DE 105.  As before, no member of the class objects to counsels' requested fees except for Ms. Jenna Dickenson. DE 107.

      This Order is divided into three parts.  First, the Court quotes the portions of its earlier order approving fees because the background of this case, the applicable legal standard, the Court's analysis, and the Court's conclusions remain unchanged.  The Court therefore quotes its prior order for the purpose of re-adopting its prior reasoning and conclusions.  Second, the Court augments and supplements its earlier decision in light of the new evidence counsel has provided in support of their request for fees, as required by the Eleventh Circuit's order of remand.  Third and finally, the Court summarizes its ruling.

### I.    Quotations from the Court's Prior Order at Docket Entry 77:

### Fee Award to Class Counsel

      Under Federal Rule of Civil Procedure 23(h)(3), a court "must find the facts and state its legal conclusions" when awarding reasonable attorneys' fees and costs in class actions.  In this case, on April 6, 2018, class counsel moved for the award of attorneys' fees and costs. DE 44.  Class counsel sought 30% of the settlement fund of $1,432,000, which amounted to $429,600, in attorneys' fees and $3,475.52

2

for litigation costs and expenses. *Id.* at 3.  The Court held a hearing on the motion on May 7, 2018.

. . .

### <u>Legal Standard for Attorneys' Fees</u>

Attorneys' fees awarded from a common fund are based upon a "reasonable percentage of the fund established for the benefit of the class." *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991); *see also* DE 61 at 31 n.14 ("*Camden I* therefore remains good law, and the district court should apply it in the first instance on remand.").  To determine a "reasonable percentage," a court evaluates the *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), factors, along with a few other factors. *Camden I*, 946 F.2d at 775.

Under Eleventh Circuit caselaw, a court should consider the following factors: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation, and ability of the attorneys; (9) the undesirability of the case; (10) the nature and length of the professional relationship with the client; (11) awards in similar cases; (12) the time required to reach a settlement; (13) whether there are any substantial objections by class members or other parties to the settlement terms or the fees requested by counsel; (14) any non-monetary benefits conferred upon the class by the settlement; (15) the economics involved in prosecuting a class action; and

(16) any "additional factors unique to a particular case which will be relevant to the district court's consideration." *Id.*; *Johnson*, 488 F.2d at 717-19.

. . .

### Analysis of Fees

In this case, the Court determined that a fee award of 30% of the settlement fund of $1,432,000 was reasonable in light of all of the relevant factors under Eleventh Circuit caselaw.  In this section, the Court explains its findings of facts, conclusions of law, and reasoning that it made at the hearing in support of its determination that the attorneys' fee award was reasonable.

First, as for the time and labor involved in reaching a settlement and resolving this case, the Court found that class counsel had invested a good deal of time and labor in litigating this case.  The case was pending for more than a year. DE 44-1 ¶¶ 42-58.  During that time, the Defendant moved to dismiss and moved to strike allegations from the Plaintiff's Complaint. DE 13, 19.  Class counsel represented that they "devoted significant time and resources to this case" because of their efforts to investigate the facts underlying the Plaintiff's claims and the class members' claims, preparing a class action complaint, researching the law, amending their complaint, preparing and serving initial discovery requests, negotiating with the Defendant about the discovery responses, researching class certification issues, working with an expert witness, and settling the matter. *Id.* ¶ 68. The Court accepted the class counsel's representation that they had invested a good deal of time and labor into this case.  Further, at the hearing it became clear to the

4

Court that class counsel would continue to expend time and resources on this case as issues impacting this case were on appeal, thereby requiring the counsel to monitor the resolution of those issues at the very least. Tr. at 20.  Moreover, from the class counsel's affidavit and representations at the hearing, the Court agreed with class counsel that they had invested a substantial amount of time and labor in this case.

Second, as for the novelty and difficulty of the questions involved, the Court found that class counsel grappled with complicated questions, including the question of consent, when preparing for class certification.  In a motion to dismiss, the Defendant argued that the Plaintiffs could not certify the class because the question of whether the Plaintiffs had or had not given the Defendant prior consent to be autodialed was a fact-intensive inquiry. DE 13 at 16.  At the hearing, the class counsel explained that, for each Plaintiff,

the number was provided by a patient, and the issue is, does that concept [sic] attach to the cell number or the person. The Eleventh Circuit said no, it is the person. That issue is on appeal to the D.C. Circuit, and the D.C. Circuit has injected -- or has dicta about whether there is a reasonable reliance standard, can the Defendant reasonably rely on the consent it got from a prior cell phone holder. A lot of the issues are up in the air and there is uncertainty. One certain thing is the outcome here is uncertain given the flux of the law.

Tr. at 10-11.  Because the legal issues affecting class certification in this case were in flux at the time the class counsel prepared to certify the class, the Court recognized at the time of the hearing on attorneys' fees that class counsel grappled with complicated questions of both law and strategy in this case.

Third, as for the skill requisite to perform the legal service properly and the experience, reputation, and ability of the attorneys, the Court found that the case was specialized and required a familiarity with the TCPA and TCPA class actions. Further, the Court found that the class counsel in this case had a great deal of experience litigating TCPA class action cases.  They reported that they had served as class counsel in at least twelve TCPA class action cases filed in federal court and many more consumer protection class action cases filed in federal and state court. DE 44-1 at 3.  Therefore, the Court recognized at the time of the hearing on attorneys' fees that the case required particularized skills and that the class counsel had those skills.

Fourth, as for the preclusion of other employment due to acceptance of the case, the Court found that class counsel were unable to work on some other matters because of their work on this case.  In the motion and at the hearing, class counsel explained that they "are a small firm," consequently with "any case we take is time we can't spend doing something else." Tr. at 11.  Because of their limited capacity and the length of this case, the Court determined that class counsel's work on this case precluded them from work on other matters.

Fifth, as for the customary fee and awards in similar cases, the Court determined that a 30% fee is customary in TCPA class action cases. At the hearing, class counsel argued that 30% is the customary fee in consumer protection class action cases, including in TCPA class action cases. *Id.*; *see also* DE 44 at 11-12 (citing several TCPA class action cases in the Eleventh Circuit where courts awarded attorneys' fees of 30%). At the time of the hearing, the Court conducted its own research on the matter. From the Court's own research and review of the cases that the class counsel cited, the Court determined that 30% is a customary fee often awarded in TCPA class action cases. *See, e.g.*, *Jairam v. Colourpop Cosms., LLC*, No. 19-CV-62438-RAR, 2020 WL 5848620, at *9 (S.D. Fla. Oct. 1, 2020).

Sixth, as for the amount involved, the results obtained, and the undesirability of the case, the Court determined at the time of the hearing that class counsel obtained a favorable result for the class. In the settlement, the class was awarded $1,432,000. In the motion, class counsel compared this settlement amount to that awarded in other TCPA class action cases. DE 44 at 6-7. From the Court's review of those cases at the time of the hearing, the Court agreed with class counsel that they had obtained a favorable result in the case, especially in light of the changing landscape of TCPA cases, as class counsel acknowledged at the hearing. Tr. at 10. At the time of the hearing, all parties recognized that the definition of an "autodialer" under the TCPA could narrow in the future, which is exactly what ended up happening. For context, if the case had been filed today, instead of in 2017, the case very likely would not have resulted in a favorable settlement for the class because the Supreme Court's decision in *Facebook, Inc. v. Duguid*, [592 U.S.

395] (2021), eliminated liability in this type of case on the part of the Defendant. The changing legal landscape in TCPA cases affirmed the Court's belief that the settlement was favorable for the class in light of the risks of going to trial, and it also led the Court to determine that the case was undesirable and risky for the class counsel.

Seventh, as for any substantial objections raised by class members or other parties to the settlement terms or the fees requested by counsel, at the time of the hearing, the Court determined that there were not any substantial objections to the settlement terms and fees.  At the time of the hearing, there was only one objection filed opposing the settlement and fee award by one objector out of a class of around 180,000 possible objectors.

Last, as for the economics involved in prosecuting a class action, class counsel worked on this class action case for more than a year without compensation on a contingency basis.  As class counsel explained in their motion, this rendered the case inherently undesirable and risky for them, without even beginning to take into consideration the law and the facts of the case. DE 44 at 14-16.  Likely, many other attorneys would not take on this class action case because of this inherent risk. While this TCPA class action is no longer viable as pled, the Court determined at the time that it was valuable to award 30% of the settlement fund to class counsel to incentivize other attorneys to take on similar cases in order to protect consumers with meritorious claims, who may not be able to afford to pay counsel on a non-

contingency basis.  Therefore, the Court considered the economics of the case when it awarded fees in this case.

Furthermore, the Court weighed all of the factors explained above when it awarded fees in this case.  At the time of the hearing, the Court determined that an attorneys' fees award of 30% of the non-reversionary settlement fund of $1,432,000, which amounted to $429,600, was reasonable, and the Court continues to believe that a 30% fee award is reasonable when considering all of the factors listed above at this time.

## II.    Additional Analysis that Supplements the Court's Prior Decision on Fees

In its reversal decision, the Eleventh Circuit found error in the Court's statement that it had, at the fairness hearing, "accepted the class counsel's representation that they had invested a good deal of time and labor into this case." DE  77 at 3.  This was error because the Court "didn't make class counsel show their work." DE 94 at 8.

Class counsel has now shown their work.  In support of their request for $429,600 (30%) in fees, counsel provided billing records (reduced in part) reflecting 918.4 hours of work.[1]  Based upon counsel's requested billing rate, counsel argues that they have expended $498,855 in labor in support of the class.  The Court concludes that the billing records support its decision to award a 30% fee award for two reasons, each of which is delineated in **bold** below.  The Court also discusses an additional, third reason why it believes the fee award is reasonable.

**First**, the objector argues that counsel's billing records should not be considered past the original date the Court awarded fees: November 2017. *See* DE 107 at 2 (arguing that class counsel

---

[1] Counsel's billing records run through November 22, 2024, shortly after the Eleventh Circuit's most recent remand. DE 98-1 at 10.

should not be compensated for their "additional time that they devoted to meritless defenses of two appeals"). The premise supporting the objector's argument, however, is that class counsel should not be awarded fees for litigating its fees, and that counsel's efforts after November 2017 did not benefit the class. That is clearly wrong.

The objector did not merely appeal counsels' fees. The objector attempted, through an extensive appellate process, to invalidate the entire settlement agreement. *E.g.*, *Dickenson v. Johnson*, No. 18-12344, Initial Br. at 7 ("The District Court Offered no Meaningful Explanation for Approving the Settlement."). This was a striking position for an objecting member of the class to take, considering: (i) there was a very questionable legal basis for the Plaintiffs' claims when this case began, and (ii) during the pendency of this case the Supreme Court eliminated the legal basis for the Plaintiffs' claims entirely. *See generally Duguid*, 592 U.S. 395. Yet class counsel successfully negotiated compensation for the class anyway. Despite this apparent financial windfall to the class, the objector continued to pursue invalidation of the settlement agreement in his appellate filings until approximately July 28, 2023. *Dickenson*, No. 23-12353, Civil Appeal Statement ("Did the District Court err by approving the settlement fee and award?"). Not until very recently has the objector "conceded [that this is a] meritless case" and ceased to pursue invalidation of the settlement agreement. DE 107 at 1. Indeed, counsel for the objector stated in open court that, despite seeking to invalidate the settlement for six years, he had never truly considered the lack of legal support for the Plaintiffs to recover anything at all:

> [T]he Supreme Court's opinion in *Facebook v. Duguid* dealing with auto dialers would basically -- if the settlement were not approved, would make settlement impossible because the class would no longer have claims, is something that I hadn't really thought deeply about and is something that maybe is worth considering. I would hate to see the settlement disapproved if it is, in fact,

impossible then to enter a better settlement. I really haven't given much thought to that, but it strikes me as a point Mr. Greenwald made that is worth consideration.

DE 81 at 29.  It is difficult for this Court to understand why the objector never considered the lack of legal support for the Plaintiffs' claims, because one basis for the Court's fee award in its original 2017 ruling was the improbability of the Plaintiffs' success on the merits. DE 53 at 3.  The Court expounded on this lack of legal support in its second order approving attorneys' fees in 2023:

> [I]f the case had been filed today, instead of in 2017, the case very likely would not have resulted in a favorable settlement for the class because the Supreme Court's decision in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021), eliminated liability in this type of case on the part of the Defendant. The changing legal landscape in TCPA cases affirmed the Court's belief that the settlement was favorable for the class in light of the risks of going to trial, and it also led the Court to determine that the case was undesirable and risky for the class counsel.

DE 77 at 6.

From the very inception of this case, the lack of legal support for the Plaintiffs' Telephone Consumer Protection Act auto-dialer claims has been ascertainable in case law.[2]  Although the Defendant did not call upon the Court to rule on the legal sufficiency of the Plaintiffs' claims prior to the settlement agreement, the Court has done so in similar cases.  By way of example, in a case filed before the Court's approval of the settlement in the instant case, *Evans v. Ocwen Loan Servicing, LLC*, No. 18-CV-81394 (S.D. Fla. Oct. 16, 2018), the Court concluded that sixteen TCPA auto-dialer cases should be stayed to await regulatory and appellate decisions. *Id.* at DE 47. After both regulatory and appellate proceedings concluded in favor of the TCPA defendants, the Court lifted the *Evans* stay and dismissed all of the auto-dialer TCPA claims with prejudice. *Id.* at DE 77.

---

[2] Liability under the TCPA applies when a defendant dials phone numbers at random. *Duguid*, 592 U.S. 395 at 398-99.  Yet the Plaintiffs alleged that they were called as part of a debt collection process. DE 1 at 4.  It stands to reason, then, that the Defendant did not call the Plaintiffs at random—the Defendant was seeking to collect upon specific debts.

Because the Court understood the questionable legal basis for the Plaintiffs' claims, the Court did not view the reasonableness of the settlement agreement nor the hours expended by class counsel (given that the objector's appeal contesting the settlement spanned many years) in this case as raising a close question.   Thus, the Court previously relied upon class counsels' representation for the unremarkable proposition that counsel had expended many hours in support of the class.   Because the appellate court concluded that the Court's reliance upon this representation was error, counsel has now produced its billing records; the billing records confirm that counsel has spent many hours protecting the settlement in this case.  The time-and-labor factor supports the Court's conclusion that a 30% fee award is reasonable and appropriate.

**Second**, even if the billing records reflect an amount that should be adjusted downward (such as the hours claimed or the hourly rate sought), the Court would still conclude that a 30% fee is reasonable and appropriate in this case.  The Court's conclusion is based upon the text of the decision cited with the greatest frequency in the order of reversal, *Camden I Condominium Association, Inc. v. Dunkle.*

In *Camden*, the Eleventh Circuit held that a percentage fee award "must be determined upon the facts of each case." 946 F.2d at 774 (quoting *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 167 (1939)).  This requirement stems from the fact that "individualization in the exercise of a discretionary power [for fee awards] will alone retain equity as a living system and save it from sterility." *Sprague*, 307 U.S. at 167.  A 30% fee award is, according to *Camden*, within the range of fee awards "which may be adjusted in accordance with the individual circumstances of each case." 946 F.2d at 775.  When courts arrive at a fee award percentage, the results will "undoubtedly vary." *Id.*

In its prior order, this Court identified many cases in this Circuit with awards of 30% or greater, leading one court to state that "awards of one-third are 'consistent with the trend in this Circuit.'" *Jairam*, 2020 WL 5848620 at *9 (quoting *Reyes v. AT&T Mobility Servs., LLC*, No. 10-CV-20837 (S.D. Fla. June 21, 2013)).

Considering the foregoing and analyzing the individual circumstances of the case before the Court, the most important factors are the eighth and tenth *Johnson* factors: the results obtained and the undesirability of the case. *Johnson*, 488 F.2d at 718. This Court has dismissed many cases effectively identical to the instant case,[3] yet class counsel secured compensation for the class nonetheless. The fees requested by class counsel are not exorbitant. The requested fees are instead within the range of typical fees within this Circuit—the fifth and twelfth *Johnson* factors. *Id.*

**Third**, the Court alters its prior conclusion that one of the relevant factors did not support the requested fees. Pursuant to *Camden*, this Court may consider whether "there are any substantial objections by class members." *Camden*, 946 F.2d at 775. This Court previously concluded that this factor did not weigh in favor of any particular award, but the Court alters that conclusion in light of the fact that counsels' representation of the Plaintiffs included the inherent financial risk that counsel would have to devote substantial time and money into defending the settlement agreement from objectors. DE 77 at 6.

Class counsel most likely did not envision that appellate review of this proceeding would last this long, and according to representations the objector has made to this Court, the objector intends to continue to litigate this case to even a third petition for certiorari to the Supreme Court. DE 77 at 17. Indeed, this case has been pending so long, the original named Plaintiff passed away,

---

[3] The problematic legal basis for this case made it an undesirable case.

requiring this Court to appoint a new named Plaintiff in 2023.[4] DE 84.  In short, this Court concludes that the objections in this case were and will continue to be "substantial," further supporting the reasonableness of the 30% fee award.

### III.   Ruling

For all of the reasons set forth above, the Court concludes that the discussed factors render class counsels' request for a 30% fee award fair and reasonable.  It is therefore **ORDERED AND ADJUDGED** that the Clerk of the Court will mark this case as **CLOSED**.

To the extent that any party believes further orders of the Court are necessary to accomplish the Eleventh Circuit's mandate and order of remand, the Court's closure of the case will not impair the ability of any party to file a motion or seek any form of relief from the Court.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 12th day of August, 2025.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

---

[4] The objector opposed the naming of a new class representative.